Opinion for the court filed by Senior Circuit Judge ARCHER. Dissenting opinion filed by Circuit Judge NEWMAN.
ARCHER, Senior Circuit Judge.
Elizabeth Bonner (“Mrs.Bonner”) appeals the United States Court of Appeals for Veterans Claims’ (‘Veterans Court”) affirmance of the Board of Veterans’ Appeals’ (“Board”) determination that she was not entitled to an effective date earlier than November 1, 1994, for dependency and indemnity compensation (“DIC”). Bonner v. Nicholson, 19 Vet.App. 188 (2005). Because we conclude that the Veterans Court neither misinterpreted Moody v. Principi, 360 F.3d 1306 (Fed.Cir.2004), nor committed harmful error, we affirm the Veterans Court’s judgment.
I.
Rear Admiral Emmett P. Bonner (“Admiral Bonner”) died on August 1, 1975, following a distinguished career in the United States Navy. Shortly thereafter, his wife, Elizabeth Bonner, filed a claim for DIC with the Veterans Administration Regional Office (“RO”) listing “cancer” as the cause of Admiral Bonner’s death. The supporting evidence filed with this claim included an autopsy report from the National Naval Medical Center (“NNMC”) listing Hodgkin’s disease as cause of death and a death certificate listing Hodgkin’s disease as the “immediate cause” of death. The RO determined the cause of death as Hodgkin’s disease, a form of cancer, which had been diagnosed during Admiral Bonner’s hospitalization from January to April 1975. The RO denied the claim for DIC because there was no evidence of service connection. The decision was not appealed and, therefore, became final.
Thereafter, 38 C.F.R. § 3.313 was issued in 1990 to address service connection for injuries caused by exposure to herbicides during military service in Vietnam. It provided, in pertinent part, that “[sjervice in Vietnam during the Vietnam Era together with the development of non-Hodgkin’s lymphoma [“NHL”] manifested sub *1325 sequent to such service is sufficient to establish service connection for that disease.” 38 C.F.R. § 3.313(b) (1990). This regulation was made retroactive to August 5, 1964. 55 Fed.Reg. 43,123 (Oct. 26, 1990).
The following year the Agent Orange Act of 1991 was enacted. This Act directed the Secretary, in certain circumstances, to establish presumptions of service connection for other diseases found to be associated with herbicide exposure while serving in the military. 38 U.S.C § 1116. Any presumption afforded by this statute was to be effective only prospectively from the date the final regulations were issued. 38 U.S.C. § 1116(c)(2). In 1994, pursuant to the Agent Orange Act, the VA added Hodgkin’s disease to the list of diseases presumptively associated with exposure to herbicides in Vietnam. 59 Fed.Reg. 5106 (Feb. 3, 1994) (in relevant part amending 38 C.F.R. § 3.309 and 38 C.F.R. § 3.307).
In 1995, pursuant to a claim by Mrs. Bonner under the Radiation Exposure Compensation Act, Pub.L. No. 98-542, 98 Stat. 2725, tissue samples from Admiral Bonner were examined by the National Institutes of Health (“NIH”). The findings of this examination reported that “im-munohistochemical studies favor the diagnosis of nonHodgkin’s lymphoma.”[1] Based on this conclusion and, presumably, the above regulations promulgated in the 1990s, Mrs. Bonner submitted a letter to the VA stating that Admiral Bonner’s death was likely related to NHL; that Admiral Bonner had been exposed to radiation during his military service; and that she was, therefore, entitled to DIC effective as of the date of her 1975 claim.
The RO treated this letter as a request to reopen Mrs. Bonner’s previously denied claim on the basis of new and material evidence under 38 U.S.C. § 5108 (2000). The RO awarded Mrs. Bonner DIC effective November 1, 1995, the date of receipt by the VA of her letter, based on the non-appealed finding that Hodgkin’s disease caused Admiral Bonner’s death but applying the presumption of service connection for such disease under the Agent Orange Act. Mrs. Bonner filed a Notice of Disagreement contending that because she filed a claim for service connection for the cause of Admiral Bonner’s death shortly after his death, the effective date for DIC should be the date on which he died, August 1, 1975. The RO subsequently issued a statement of the case which granted an earlier effective date for DIC benefits of November 1, 1994, one year prior to the November 1, 1995 application to reopen the claim. This award was based upon the regulation that provides that if a claim is reviewed more than one year after the effective date of a change in the law, as was the case here, benefits may be authorized for a period of one year prior to the date of receipt of such request. See 38 C.F.R. § 3.114(a)(3).
Following several more exchanges between Mrs. Bonner and the VA, in August 1999, the RO issued a supplemental state *1326 ment of the case noting Mrs. Bonner’s assertion that NHL was the cause of Admiral Bonner’s death. This supplemental statement of the case clarified the bases for the RO’s determination that the cause of Admiral Bonner’s death was Hodgkin’s disease. Specifically, the RO stated that the 1995 NIH biopsy and medical records did not provide a definitive diagnosis of NHL. The RO noted that the presence of Reed-Sternberg cells and variants found in the 1995 biopsy was consistent with a diagnosis of Hodgkin’s disease. The RO also indicated that the final diagnosis in the 1995 report of “malignant lymphoma, large cell, immunoblastic type, with necrosis involving the lymph nodes [and] liver,” was similarly consistent with Hodgkin’s lymphoma.
Mrs. Bonner appealed this decision to the Board. The Board first noted that in order for Mrs. Bonner to receive benefits under 38 C.F.R. § 3.313(a), the denial of her 1975 claim had to have been a denial of a claim for service connection for NHL, not a denial of service connection for another disease. Based on this conclusion, the Board opined that it did not need to reach the issue of whether an effective date for an award of DIC based on Mrs. Bonner’s 1975 claim would have been warranted if the RO had awarded DIC in 1995 based on a cause of death from NHL, as opposed to Hodgkin’s disease. This was “because the denial of [Mrs. Bonner’s] original claim in 1976 was a denial based on [a claim for] cause of death from Hodgkin’s disease, not NHL.” In other words, Mrs. Bonner was ineligible for retroactive benefits under § 3.313 because her 1975 claim was for Hodgkin’s disease and not NHL.[2] Having made this determination, the Board explained that for the reasons posited by the RO, the earliest effective date Mrs. Bonner could receive was November 1,1994.
Mrs. Bonner appealed the Board’s decision to the Veterans Court. Affirming the Board’s action, the Veterans Court concluded that “the evidence established that Mrs. Bonner’s [1975] claim was one for Hodgkin’s disease as the cause of her husband’s death, and, therefore, we cannot conclude that the evidence reasonably raised any claims for the cause of death by types of cancer other than Hodgkin’s disease.” Bonner, 19 Vet.App. at 195. The Veterans Court also noted that the Board did not disturb the RO’s finding that the evidence of record revealed Hodgkin’s disease as the cause of Admiral Bonner’s death and therefore the cause-of-death finding remained Hodgkin’s disease. The Veteran’s Court then concluded that “the Board had a plausible basis to find that the cause of Mr. Bonner’s death was Hodgkin’s disease.” Id. at 21.
Mrs. Bonner challenges the Veterans Court’s determinations. We have jurisdiction pursuant to 38 U.S.C. § 7292.
II.
A.
We have limited jurisdiction to review a decision of the Veterans Court. We may review the validity of “a rule of law or of any statute or regulation ... or any interpretation thereof ... that was relied on by the [Veterans Court] in mak *1327 ing the decision.” 38 U.S.C. § 7292(a) (2000). Included within this review is whether the Veterans Court exceeded its jurisdiction, Wanner v. Principi 370 F.3d 1124, 1128 (Fed.Cir.2004) (explaining that the “Veterans Court’s compliance with its jurisdictional statute is a question of law, reviewed de novo” by this court), and whether the Veterans Court “misinterpreted our rulings in earlier decisions on an issue of law,” Moody v. Principi 360 F.3d 1306, 1310 (Fed.Cir.2004). We review de novo a claim that the Veterans Court committed legal error. Id. However, absent a constitutional issue, we lack jurisdiction to review factual findings of the Veterans Court or that court’s application of law to fact. Id.
B.
Mrs. Bonner alleges two errors in the Veterans Court’s decision. First, Mrs. Bonner asserts the Veterans Court misconstrued our decision in Moody v. Principi (“Moody ”) when it did not read her 1975 claim for “cancer” as encompassing a claim for NHL. This position is grounded in the assertion that the clinical findings contained in the 1975 autopsy report also supported a determination that Admiral Bonner’s death was caused by NHL. Second, Mrs. Bonner contends the Veterans Court exceeded its jurisdiction when it decided a factual issue, the cause of Admiral Bonner’s death, that the Board did not reach in the first instance. Mrs. Bonner concedes that in order for her “to prevail ultimately in receiving DIC as of the date of her original claim, she will have to establish that her husband died of non-Hodgkin’s lymphoma, and that her original claim was broad enough to encompass non-Hodgkin’s lymphoma.”
The government argues that we lack jurisdiction to review the factual determination that Hodgkin’s disease was the cause of Admiral Bonner’s death. It further argues that the Veterans Court correctly concluded that the Board did not err in holding that Mrs. Bonner was not entitled to a 1975 effective date for DIC benefits. Additionally, the government contends that Mrs. Bonner failed to demonstrate how the VA erred in developing her 1975 claim and that even if Mrs. Bonner were able to show that she had reasonably raised a claim for NHL in 1975 that has not yet been adjudicated, such an error is to be corrected through a motion asserting the VA had committed clear and unmistakable error (“CUE”).[3]
C.
In Moody, we reiterated that “with respect to all pro se pleadings,” id. at 1310, the VA must give a sympathetic reading to the veteran’s filings by “ 'determining] all potential claims raised by the evidence, applying all relevant laws and regulations,’ ” id. (quoting Roberson v. Principi 251 F.3d 1378 (Fed.Cir.2001)). We can find no indication that the Veterans Court misinterpreted this mandate. In fact, the Veterans Court expressly recited the legal standard quoted above. Bonner, 19 Vet.App. at 188. The Veterans Court examined the evidence of record and concluded:
At the time of the 1976 RO adjudication, the evidence established that Mrs. Bon *1328 ner’s claim was one for Hodgkin’s disease as the cause of her husband’s death, and, therefore, we cannot conclude that the evidence reasonably-raised any claims for the cause of death by types of cancer other than Hodgkin’s disease. Compare Moody, Szemraj, Roberson.
Id. at 195.
Mrs. Bonner does not explain how the Veterans Court purportedly misinterpreted Moody. In Moody we rejected the Veterans Court’s suggestion that in order for pleadings to be read as containing a potential claim there must have been “evidence undebatably establishing]” the existence of such a claim. Moody, 360 F.3d at 1310. Mrs. Bonner does not argue that the Veterans Court required her to make a more stringent showing than that required by Moody. Nor does she contend that the Veterans Court improperly determined that the mandate of Moody did not apply here. In essence, Mrs. Bonner takes issue with the Veterans Court’s application of Moody. That is, she disagrees with the Veterans Court’s conclusion that a claim for NHL was not supported by the evidence before the RO in 1976. However, the interpretation of the 1975 claim “is essentially a factual inquiry, and it is beyond our jurisdiction to make that determination.” Moody, 360 F.3d at 1310.[4]
Mrs. Bonner also contends that the Veterans Court exceeded its jurisdiction when it decided a factual issue — the cause of Admiral Bonner’s death — that the Board did not reach. Under 38 U.S.C. § 7261(a), the Veterans Court’s jurisdiction is limited to deciding issues that are “necessary to its decision and presented” to it. 38 U.S.C. § 7261(a)(4) (2000) (stating “[i]n any action brought under this chapter, the Court of Appeals for Veterans Claims, to the extent necessary to its decision and when presented, shall ... in the case of a finding of material fact adverse to the claimant made in reaching a decision in a case before the Department with respect to benefits under laws administered by the Secretary, hold unlawful and set aside or reverse such finding if the finding is clearly erroneous”). The Board determined that Mrs. Bonner was not entitled to DIC prior to November 1, 1994, regardless of whether Admiral Bonner’s death was caused by Hodgkin’s disease or NHL.
The Veterans Court did not decide or rely on the cause of Admiral Bonner’s death in affirming the Board’s decision. Rather, it relied on the characterization of Mrs. Bonner’s 1975 claim, evidenced by the supporting documentation, as one for death caused by Hodgkin’s disease. The Veterans Court merely concluded that this information provided a plausible basis for the RO’s determination that Hodgkin’s disease was the cause of death. Furthermore, even if we were to conclude that the Veterans Court exceeded its jurisdiction by deciding a factual issue not “necessary” to its decision, any such error would be harmless, as the grounds for the Veterans *1329 Court’s decision would remain in place. Accordingly, we need not decide if the Veterans Court exceeded its jurisdiction in this instance.
Ill
The judgment of the Veterans Court is therefore

AFFIRMED.

. Contrary to the dissent’s assertion, the 1995 NIH report reexamining Admiral Bonner’s condition at the time of his death was ambiguous in that his illness "simulat[ed] Hodgkin’s Disease” but also "favor[ed] a diagnosis of non-Hodgkin’s lymphoma.” This does not demonstrate that the 1975 diagnosis of Hodgkin’s Disease as the cause of death was indisputably incorrect. After a detailed review of the 1995 NIH report, the RO concluded that the evidence was also consistent with Hodgkin's Disease. Regardless, as explained below, the cause of Admiral Bonner’s death was not relevant to the decision of the Veterans Court.

. Under VAOPGCPREC 5-94 (a VA General Counsel Precedential Opinion) benefits under § 3.313 are awarded retroactive to "the date ... of an original claim for that [NHL] benefit ... if the claimant was otherwise eligible on the date of claim.” (emphasis added). Thus, in order to receive benefits under § 3.313, the original claim must have been one for NHL.

. The only way the RO’s unappealed 1976 decision can be collaterally attacked is through a claim of “clear and unmistakable error” (“CUE”). At oral argument, Mrs. Bonner conceded that a CUE claim was not at issue in this case. Therefore, the issue of the validity of the 1976 decision is not before us.

. We note that when the VA fails to construe the veteran's pleadings to raise a claim, such an error is properly corrected through a CUE motion. See Bingham v. Nicholson, 421, F.3d 1346, 1349 (Fed.Cir.2005) (explaining that the VA’s failure to consider all aspects of a claim is properly challenged through a CUE motion); Andrews v. Nicholson, 421 F.3d 1278, 1284 (Fed.Cir.2005) (stating "when the VA violates Roberson by failing to construe the veteran’s pleadings to raise a claim, such claim is not considered unadjudicated but the error is instead properly corrected through a CUE motion”). CUE is not simply a "buzz word” as stated by the dissent. It is a statutorily created avenue for challenging a VA decision. See 38 U.S.C. § 5109A.