Note:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7229

LEE E. JONES,

Claimant-Appellant,

v.

GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs,

Respondent-Appellee.

Lee E. Jones, of Baton Rouge, Louisiana, pro se.

Tara J. Kilfoyle, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With her on the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, and Steven J. Gillingham, Assistant Director.  Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Y. Ken Lee, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge Mary J. Schoelen

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7229

LEE E. JONES

Claimant-Appellant,

v.

GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED: December 5, 2007

_____

Before GAJARSA, Circuit Judge, ARCHER, Senior Circuit Judge, and PROST, Circuit Judge.

PER CURIAM.

Lee E. Jones ("Mr. Jones") appeals the United States Court of Appeals for Veterans Claims ("CAVC") order affirming the Board of Veterans' Appeals ("Board") decision not to reopen a claim for entitlement to benefits. Jones v. Nicholson, No. 05-1175 (December 22, 2006).  The CAVC determined that Mr. Jones failed to demonstrate error in the notice provided by the Department of Veterans Affairs ("VA"). Id.  For the reasons stated herein, we dismiss the appeal.

BACKGROUND

Mr. Jones served on active duty in the military service in Vietnam. Personnel records show that he committed several offenses resulting in two Court-Martial convictions and two nonjudicial punishments. In 1968, Mr. Jones was discharged under other than honorable conditions. When he applied for disability compensation the following year, Mr. Jones learned that the character of his discharge precluded his eligibility for VA benefits. He subsequently received a clemency discharge for completion of alternate service pursuant to Presidential Proclamation Number 4313. However, in a 1987 decision, the VA Regional Office determined that "[a] clemency discharge does not entitle or reinstate entitlement to benefits." Mr. Jones did not appeal the 1987 decision and it became final.

In 1995, Mr. Jones reapplied for disability compensation, which the VA Regional Office again denied based on the character of his original discharge. On appeal, the Board determined that Mr. Jones did not submit "new and material evidence" sufficient to reopen the 1987 decision. Due to a change in the law during the pendency of the appeal, the CAVC vacated the Board's decision and remanded the issue pursuant to the Veterans Claims Assistance Act of 2000 ("VCAA"). On remand, the Board determined that VA made reasonable efforts to notify Mr. Jones of the information and evidence needed to substantiate his claim, and any error in the chronological implementation of the VCAA was harmless.

Mr. Jones appealed to the CAVC. He presented "a single argument – that VA did not notify him of the evidence necessary to substantiate his claim pursuant to 38 U.S.C. § 5103(a) and 38 C.F.R. § 3.159(b)." The CAVC determined that Mr. Jones

failed to identify with any specificity any particular inadequacy in the notice provided. The CAVC therefore affirmed the decision of the Board.

Mr. Jones filed an appeal to this court.

DISCUSSION

We have limited jurisdiction to review a decision of the CAVC. Bonner v. Nicholson, 497 F.3d 1323, 1326 (Fed. Cir. 2007). We may only review with respect to the validity of a rule of law, statute, or regulation, or any interpretation thereof, which the CAVC relied on in making its decision. 38 U.S.C. § 7292(a). We may not review a challenge to a factual determination, nor may we review a challenge to a law or regulation as applied to the facts of a particular case. 38 U.S.C. § 7292(d)(2).

On appeal, Mr. Jones argues that the CAVC considered the wrong military records. He alleges to have two sets of military records, only one of which includes an order that his discharge was under honorable conditions. Mr. Jones alleges that the order was not in the records considered by the Board and therefore not in the records considered by the CAVC. He also argues that the CAVC failed to consider his Purple Heart award.

Mr. Jones' arguments concern the character of his discharge, which was not an issue before the CAVC. The only issue before the CAVC was whether VA complied with the notice requirements of 38 U.S.C. § 5103(a) and 38 C.F.R. § 3.159(b). Mr. Jones has not alleged any error in this determination, and we do not consider his arguments made for the first time on appeal. See Caterpillar Inc. v. Sturman Indus., Inc., 387 F.3d 1358, 1368 (Fed. Cir. 2004). Further, Mr. Jones' arguments concern factual issues over which we have no jurisdiction. See 38 U.S.C. § 7292(a), (d)(2).

2007-7229                                   3

CONCLUSION

We conclude that this court does not have jurisdiction over Mr. Jones' appeal. It is therefore dismissed.

No costs.