NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HARRY E. TREXLER,**
*Claimant-Appellant,*

**v.**

**SLOAN D. GIBSON, Acting Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2014-7056

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-3452, Judge Alan G. Lance, Sr.

---

Decided: July 10, 2014

---

HARRY E. TREXLER, of Rockwell, North Carolina, pro se.

JESSICA R. TOPLIN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and SCOTT D. AUSTIN, Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant Gen-

eral Counsel, and MEGHAN D. ALPHONSO, Attorney, United States Department of Veterans Affairs, of Washington, DC.

————————————

Before NEWMAN, REYNA, and HUGHES, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

Harry E. Trexler appeals the judgment of the United States Court of Appeals for Veterans Claims (the "Veterans Court") affirming the Board of Veterans' Appeals' denial of entitlement to an effective date earlier than June 26, 1997 for the grant of benefits under 38 U.S.C. §1151 for status-post carcinoid tumor, post-operative small bowel resection with metastasis to the liver. *Trexler v. Shinseki*, No. 12-3452, 2014 WL 92792 (Vet. App. Jan. 10, 2014). Mr. Trexler challenges the Veterans Court's factual determinations, and thus has not presented an issue reviewable under this court's jurisdiction. Accordingly, the appeal is dismissed.

## DISCUSSION

This court's jurisdiction to review decisions of the Veterans Court is generally limited to the validity of a decision of the Veterans Court on a rule of law, or any statute or regulation, and any interpretation thereof, relied upon by the Veterans Court in reaching its decision. *See* 38 U.S.C. §7292; *Kyhn v. Shinseki*, 716 F.3d 572, 575 (Fed. Cir. 2013). Only if the appeal presents a constitutional issue may we review a challenge to a factual determination or the application of laws or regulations. 38 U.S.C. §7292(d)(2). The interpretation of a claim for benefits, including the contents thereof, is such a factual issue not reviewable by this court. *See Ellington v. Peake*, 541 F.3d 1364, 1371-72 (Fed. Cir. 2008); *Bonner v. Nicholson*, 497 F.3d 1323, 1328 (Fed. Cir. 2007).

Section 1151 of Title 38, U.S. Code (as in effect prior to October 1, 1997), provides for veterans disability compensation for injuries or aggravations of injuries as a result of Department of Veterans Affairs hospitalization or medical treatment. *See, e.g., Gardner v. Brown*, 5 F.3d 1456, 1458 (Fed. Cir. 1993). Section 5110(a) governs the assignment of an effective date for an award of benefits:

> [T]he effective date of an award based on an original claim, a claim reopened after final adjudication, or a claim for increase, of compensation, dependency and indemnity compensation, or pension, shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor.

The implementing regulation for §1151 states that the effective date shall be the "date injury or aggravation was suffered if claim is received within 1 year after that date; otherwise, date of receipt of claim." 38 C.F.R. §3.400(i).

The Veterans Court affirmed the Board's factual finding that June 26, 1997 was the earliest date on which Mr. Trexler submitted a claim for benefits pursuant to §1151. *Trexler*, 2014 WL 92792, at *4. Relying on §5110(a) and 38 C.F.R. §3.400(i), the court affirmed the Board's denial of an earlier effective date for §1151 benefits. No error has been shown in this interpretation of the applicable statutes and regulation.

No constitutional violation has been shown in the actions referred to by Mr. Trexler. In April 2002, a Department of Veterans Affairs Regional Office ("RO") deferred action on Mr. Trexler's §1151 claim pending a medical opinion. Mr. Trexler subsequently received a determination of entitlement to benefits under §1151. Mr. Trexler now appears to argue that the RO's deferral violated his constitutional right to due process. We discern no merit in this argument. The invocation of the Constitution is insufficient to confer jurisdiction when no constitutional

issue is presented.  *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999).

Mr. Trexler's action under the Federal Tort Claims Act brought in federal district court is not within our appellate    jurisdiction.    *See*    28    U.S.C.    §1331; 38 U.S.C. §7292.

No costs.

**DISMISSED**