Dissenting opinion filed by Circuit Judge BRYSON.
BRYSON, Circuit Judge,
dissenting.
I respectfully dissent.
The majority predicates its ruling in this case on its conclusion that Ms. Stewart’s 2005 claim included a claim for irritable bowel syndrome (“IBS”) and that the Board of Veterans’ Appeals interpreted the 2005 claim in the same manner. I do not agree that the Board made clear that *986 it regarded IBS as being within the scope of Ms. Stewart’s 2005 claim. How the Board interpreted the 2005 claim is critical to deciding whether the Board and the Veterans Court were correct in holding that Ms. Stewart’s claim of service connection. for IBS became final in February 2010. I would therefore remand the case for the . Board to determine whether Ms. Stewart’s 2005 claim raised a claim of service connection for IBS.
I
In September 2005, Ms. Stewart filed a claim for service connection for “acid reflux,” “stomach problems,” and other unrelated disabilities. A regional office of the Department of Veterans Affairs (“DVA”) denied that claim in June 2006, Ms. Stewart sought reconsideration of that denial in November 2006, and the regional office denied her request for reconsideration in October 2007. She filed a notice of disagreement in response to that decision in March 2008.[1]
At the time of the regional office’s action in October 2007, the only mention of IBS anywhere in the record was a cryptic entry in a May 2007 report of a DVA Medical Center. As part of a lengthy description of Ms. Stewart’s medical issues, that report included a note reading “?IBS.. see pcc for flu.”[2] The regional office’s 2007 decision did not discuss IBS or include any reference to the “?IBS” note. Instead, like the earlier 2006 decision, the 2007 decision simply stated, as to Ms. Stewart’s complaints of acid reflux and stomach problems, that the evidence showed that her condition was “not incurred in or aggravated by military service.”
In July 2008, Ms. Stewart filed a “request to reopen my claim and add PTSD and irritable bowel syndrome.” The DVA regional office internally treated the claim for IBS as a “new condition (not part of GERD [gastroesophageal reflux disease] with stomach problems).” After a request for information regarding the IBS claim, the regional office denied that claim for lack of service connection in February 2009. The regional office advised Ms. Stewart that if she wished to appeal that decision, she would have to file a notice of disagreement within one year. Ms. Stewart did not file a timely notice of disagreement in response to that regional office decision. .
In August 2010, Ms. Stewart filed a new claim for various disabilities, again expressly including IBS. The evidence pertaining to- that claim included a January 2010 DVA medical examination that contained a diagnosis of IBS. In May 2011 the regional office denied the 2010 claim for IBS on procedural grounds. The office determined that the IBS claim had been denied in February 2009 and that the denial had become final because Ms. Stewart *987 had failed to file a timely notice of disagreement following that decision. The regional office ruled that Ms. Stewart had failed to point to any new and material evidence relating to IBS that would justify reopening the previously denied claim.
In May 2012, the Board decided Ms. Stewart’s appeal from the 2006 and 2007 regional office decisions. The Board discussed Ms. Stewart’s “stomach symptoms” and acknowledged the 2010 diagnoses of IBS and GERD, but it concluded that neither condition was related to Ms. Stewart’s active military service. The Board noted that Ms. Stewart had submitted a claim for IBS in July 2008, that the July 2008 claim had been denied in February 2009, and that the February 2009 denial was not separately appealed. However, the Board did not state whether IBS was part of her original 2005 claim.
The Veterans Court remanded the Board’s ruling for further consideration on other issues, but it found “no error in the Board’s treatment of the issue of IBS.” The court stated that the DVA “was permitted to adjudicate the matter of service connection for IBS separately from the appellant’s original” “stomach problems” claim, and that under the circumstances of this case the Board “did not err in rechar-acterizing the ‘stomach problems’ claim to exclude those symptoms [of IBS] and encompass only the previously unadjudicated symptoms attributed to GERD by the examiner.” The court added that the examiner’s January 2010 “clinical diagnosis of IBS may be relevant evidence sufficient to reopen the appellant’s IBS claim, in light of the [regional office’s]” finding in February 2009 that the pertinent medical records “offer[ ] no clinical diagnosis of [IBS].” However, the court concluded that the Board “was not required to readjudi-cate entitlement based on the IBS-specific stomach symptoms that were addressed in a separate unappealed [regional office] decision.”
II
At the outset, the government argues that this case turns on a factual dispute and is therefore outside this court’s jurisdiction under 38 U.S.C. § 7292(d)(2), which bars this court from reviewing “a challenge to a factual determination.” That contention is without merit.
It is true that questions as to the scope of a veteran’s claim and whether the Board or the Veterans Court misinterpreted the scope of the veteran’s claim are factual issues that are outside the scope of our review. See Ellington v. Peake, 541 F.3d 1364, 1371 (Fed.Cir.2008); Bonner v. Nicholson, 497 F.3d 1323, 1328 (Fed.Cir.2007). In this case, however, we are not being called upon to decide the factual question of the scope of Ms. Stewart’s September 2005 claim. Instead, we must decide whether the Board committed legal error in requiring Ms, Stewart to file a separate notice of disagreement after her July 2008 request to “reopen [her] claim and add PTSD and irritable bowel syndrome” was denied.
That legal question turns on whether the Board regarded Ms. Stewart’s September 2005 claim as raising IBS. If it did, then it was error for the Board to hold that Ms. Stewart was required to file a second notice of disagreement as to IBS following the denial of her July 2008 claim. If it did not, then the Board was legally correct to hold that the denial of Ms. Stewart’s IBS claim became final when she failed to file a timely notice of disagreement in response to the regional office’s February 2009 decision. Thus, in order to determine whether the Board erred, we need to know whether the Board regarded the IBS claim as being within the scope of Ms. Stewart’s original September 2005 claim. As I read the *988 Board’s opinion, it never made such a finding.
In the majority’s view, the Board found that Ms. Stewart’s September 2005 claim of “stomach problems” included IBS. The majority points to the Board’s statement, in describing the results of the January 2010 DVA medical examination, that “both the Veteran’s reported stomach symptoms and acid reflux have been attributed to know[n] clinical • diagnoses of IBS and GERD respectively, which are not related to her active service.” That observation, however, refers to the state of the record as of 2010. It cannot fairly be read to constitute a finding that Ms. Stewart’s original 2005 claim of “stomach problems” included a claim for IBS. While the Board stated that a claim for acid reflux and stomach problems “also encompasses claims for service connection for all gas-troesophageal disabilities afflicting a Veteran,” it is by no means clear that the Board meant to include IBS in the category of “gastroesophageal disabilities,” since the term “gastroesophageal” generally refers to conditions affecting the upper, not the lower, portion of the alimentary canal. For that reason, I disagree with the majority that the Board necessarily concluded that the 2005 claim included IBS.
The Veterans Court’s opinion, which found no error in the Board’s disposition of the IBS issue, was also inconclusive on this question. The opinion first noted that the IBS claim was not adjudicated until the February 2009 regional office decision, and Ms. Stewart’s condition was not diagnosed as IBS until January 2010. The court then held that the Board did not err in excluding the claim of IBS symptoms from its review of the regional office decision that was before the Board. The court explained that the Board “was not required to readjudicate entitlement based on the IBS-specific stomach symptoms that were addressed in a separate, unap-pealed RO decision.” While the court’s opinion seems to be based on the assumption that Ms. Stewart’s 2005 claim and her 2006 request for reconsideration did not raise IBS, either expressly or implicitly, the court did not say so.
Because it is not clear to me that the Board and the Veterans Court regarded Ms. Stewart’s original 2005 claim as including IBS, I would remand for a finding on that question. Resolving that factual issue would enable the Board and the Veterans Court to properly address the viability of Ms. Stewart’s IBS claim, including whether the denial of that claim became final when she failed to file a notice of disagreement in response to the February 2009 regional office decision, and whether, in any event, her IBS claim fails for lack of service connection.

. The parties dispute whether the DVA should have treated Ms. Stewart’s November 2006 request for reconsideration as a notice of disagreement with the June 2006 denial of her September 2005 claim. Under the liberal and sympathetic construction that the DVA is required to give to documents filed by veterans, the request for reconsideration should have been considered to be a notice of disagreement, That issue, however, does not affect the analysis in this case other than to make it appropriate to refer to the September 2005 claim as the “stomach problems” claim that was ultimately placed into appellate status for Board review.

. A physician’s report from a 2005 office visit reported that Ms. Stewart "has what sounds like irritable bowel syndrome for many years,” but that report was not part of the record of the 2006 and 2007 regional office decisions. It was included in the record of the February 2009 regional office decision. In the 2009 decision, the regional office noted that report, but said that it offered “no clinical diagnosis” of IBS,