NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES R. OLDFIELD,**
*Claimant-Appellant*

**v.**

**ROBERT D. SNYDER, ACTING SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2016-1555

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-2524, Judge Coral Wong Pietsch.

---

Decided: February 1, 2017

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, for claimant-appellant.

TARA K. HOGAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY, JR., ERIC PETER BRUSKIN; Y. KEN LEE, MARTIE

ADELMAN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————

Before PROST, *Chief Judge,* SCHALL and CHEN, *Circuit Judges.*

PROST, *Chief Judge.*

James Oldfield appeals from a decision of the U.S. Court of Appeals for Veterans Claims ("Veterans Court") regarding the effective date of his increased disability compensation that was based on newly submitted evidence of depression. He seeks an effective date tied to his earlier-filed claim for an increased rating of his primary service connected condition, ulcerative colitis. We affirm the final judgment of the Veterans Court.

## BACKGROUND

Mr. Oldfield served on active duty in the Navy from December 19, 1968, through October 8, 1969. In 1970, the Department of Veterans Affairs ("VA") deemed his ulcerative colitis ("colitis") to be a primary service connected condition and awarded him compensation, effective October 9, 1969.

In March 2010, the VA received a request on behalf of Mr. Oldfield for increased compensation by way of "an increased rating for ulcerative colitis." J.A. 21–22. At the time, his colitis was rated 30% disabling. Mr. Oldfield attached a "Statement in Support of Claim," stating his "condition ha[d] become worse" in view of internal bleeding and dysplasia but making no mention of depression. J.A. 23. On May 4, 2010, the VA received a lay statement from Mr. Oldfield ("statement of depression") that mentioned for the first time that he had "been seeing a [doctor] at the VA" for depression. J.A. 24. This statement also noted that he was experiencing difficulty finding a job, which the VA interpreted as a request for a rating of

total disability based on individual unemployability ("TDIU").[1]

The VA continued Mr. Oldfield's 30% rating for colitis and, interpreting his statement of depression as an informal disability claim,[2] found his depression to be a secondary service connected condition[3] with a 50% rating, effective May 4, 2010. J.A. 36, 48. Under 38 C.F.R. § 4.25, his 30% rating for colitis and 50% rating for depression resulted in a combined rating of 70%, which met the combined-rating threshold for TDIU, so the VA also granted a TDIU rating. J.A. 48, 50. On appeal, the Board of Veterans Appeals ("Board") denied Mr. Oldfield's

---

[1] A TDIU rating may be assigned when a veteran is "unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities," provided he or she has one disability evaluated as at least 60% disabling; or has two or more disabilities, one of which is at least 40% disabling, with a combined rating of at least 70% disabling. 38 C.F.R. § 4.16(a). If the veteran does not meet the schedular criteria set forth in § 4.16(a), paragraph (b) provides a route for extra-schedular consideration. 38 C.F.R. § 4.16(b).

[2] An "informal claim" is "[a]ny communication or action, indicating an intent to apply for one or more benefits under the laws administered by the Department of Veterans Affairs, from a claimant, his or her duly authorized representative, a Member of Congress, or some person acting as next friend of a claimant who is not sui juris." 38 C.F.R. § 3.155(a) (2010).

[3] A "secondary service connected condition" is a "disability which is proximately due to or the result of a service-connected disease or injury." 38 C.F.R. § 3.310(a).

request for an earlier effective date for his increased compensation.[4]  J.A. 67.

Mr. Oldfield appealed to the Veterans Court.  J.A. 1–5.  The Veterans Court concluded that the Board did not err in assigning an effective date of May 4, 2010, because the VA had not received any documentation before that date mentioning Mr. Oldfield's depression.  The court further held that, "[t]o the extent [Mr. Oldfield] has attempted to advance a novel legal theory that overcomes the well-settled law in this area, he has not stated it with the specificity or provided the citations to applicable legal authority necessary for the Court to address his assertions."  J.A. 3.

Mr. Oldfield appeals the Veterans Court's decision, seeking a March 2010 effective date for his increased compensation.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited under 38 U.S.C. § 7292(c).  *Boggs v. Peake*, 520 F.3d 1330, 1333 (Fed. Cir. 2008).  We must "decide all relevant questions of law," 38 U.S.C. § 7292(d)(1), and review the construction of statutes and regulations de novo, *Summers v. Gober*, 225 F.3d 1293, 1295 (Fed. Cir. 2000).  Except with respect to a constitutional issue, we cannot review factual determinations, or laws or regulations as applied to the facts of a particular case.  38 U.S.C. § 7292(d)(2); *Summers*, 225 F.3d at 1295.

---

[4]    The Board separately remanded to the VA for a Statement of the Case regarding Mr. Oldfield's contentions that his depression should be rated above 50% and that the effective date of the TDIU award should be earlier than May 4, 2010.  J.A. 68–69.  Those issues are not before us in this appeal.

Mr. Oldfield attempts to frame his appeal as presenting a question of law regarding the interpretation of 38 U.S.C. § 5110, which governs the effective date of a disability award, and 38 C.F.R. § 3.440(o), a related regulation. By statute, the effective date for a claim for increased compensation typically cannot be earlier than the date that the claim is received:

> Unless specifically provided otherwise in this chapter, the effective date of an award based on an original claim, a claim reopened after final adjudication, or *a claim for increase, of compensation*[] . . . shall be fixed in accordance with the facts found, but *shall not be earlier than the date of receipt of application* therefor.

38 U.S.C. § 5110(a) (emphases added). The VA's regulations further specify, in relevant part, that the effective date of such a claim is the "date of receipt of claim or date entitlement arose, whichever is later." 38 C.F.R. § 3.400(o)(1). The parties' dispute relates to whether Mr. Oldfield's statement of depression can constitute a "claim"; there is no dispute that the date of receipt of the operative claim dictates the effective date in this case.

Mr. Oldfield submits that he made "only *one* claim . . . for increased compensation" within the meaning of § 5110, namely his request for an increased colitis rating in March 2010. Appellant's Opening Br. 8. He argues that his later-filed statement of depression was not a separate claim but, instead, evidence supporting his March 2010 claim. In support, he posits that 38 U.S.C. § 5110 "does not distinguish between a claim for increase based on the primary service connected disability [i.e., colitis] and an issue raised while that claim is pending [i.e., depression]." Appellant's Reply Br. 8. In effect, he argues that his increased compensation was, or should have been, based on the disabling effects of colitis (including depression), not on separate evaluations of colitis and

of depression that combined to increase his compensation.[5]

But Mr. Oldfield fails to provide any reason why § 5110 and the relevant regulations require viewing his statement of depression as evidence supporting another claim (as opposed to viewing it as an informal claim for a secondary disability), or why the two concepts are even mutually exclusive.[6] At best, his argument is that "[n]othing in the plain language of § 5110(a) precludes" interpreting his statement of depression as he now advocates. Appellant's Opening Br. 8. We discern no reason why a submission raising a condition related to a primary condition cannot, itself, be deemed a "claim" for increased compensation within the meaning of § 5110 and the relevant regulations. Mr. Oldfield's argument therefore falls well short of showing that the Veterans Court committed legal error.

---

[5]    It is not clear whether Mr. Oldfield seeks to keep the benefit of his 50% depression rating, which is what helped him obtain a TDIU-qualifying combined rating of 70%. To the extent he does, that position would belie his argument that his statement of depression should not have been interpreted as a disability claim.

[6]    Mr. Oldfield's reliance on 38 C.F.R. § 3.310(a) to argue that a secondary disability must be considered part of the primary condition is also unavailing. That regulation provides that "[w]hen service connection is . . . established for a secondary condition, the secondary condition shall be considered a part of the original condition." 38 C.F.R. § 3.310(a). We have held that § 3.310(a) "is concerned only with *entitlement* to service connection and is silent with respect to the proper *effective date* for service connection." *Ellington v. Peake*, 541 F.3d 1364, 1370 (Fed. Cir. 2008).

Mr. Oldfield effectively takes issue with how the VA interpreted his statement of depression. "[T]he interpretation of the contents of a claim for benefits," however, "[i]s a factual issue over which we d[o] not have jurisdiction." *Ellington*, 541 F.3d at 1371 (citing *Bonner v. Nicholson*, 497 F.3d 1323, 1328 (Fed. Cir. 2007)). Therefore, absent legal error, we cannot review the decision in this case to interpret Mr. Oldfield's statement of depression as a separate claim for a secondary disability.

Having established that Mr. Oldfield's statement of depression is properly viewed as a secondary disability claim for purposes of this appeal, we observe that our holding in *Ellington* is dispositive. We explained in that case that the effective date for a secondary disability is "governed by [38 C.F.R. §] 3.400, which establishes the effective date as the 'date of receipt of claim, or [the] date entitlement arose, whichever is later.'" *Ellington*, 541 F.3d at 1369 (second alteration in original). We further observed that assigning a separate effective date to a claim for a secondary disability is consistent with 38 U.S.C. § 5110. *Id.* at 1370. We therefore see no reversible error in the Veterans Court's affirmance of a separate effective date for Mr. Oldfield's depression as a secondary disability.

## CONCLUSION

For the foregoing reasons, we affirm the final judgment of the Veterans Court.

## **AFFIRMED**

## COSTS

The parties shall bear their own costs.