NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EXCELL R. WHITNEY,**

*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2019-2329

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-3859, Judge Amanda L. Meredith.

---

Decided: February 11, 2020

---

EXCELL R. WHITNEY, Chicago, IL, pro se.

IGOR HELMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOSEPH H. HUNT, CLAUDIA BURKE, ROBERT EDWARD KIRSCHMAN, JR.; BRIAN D. GRIFFIN, EVAN SCOTT GRANT, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before NEWMAN, BRYSON, and REYNA, *Circuit Judges.*

PER CURIAM.

Excell Whitney, an Army veteran proceeding *pro se*, seeks an earlier effective date for his award of compensation for migraine headaches, a back disability, and an ankle disability. Whitney raises two issues on appeal. First, Whitney challenges the determination by the Court of Appeals for Veterans' Claims that Whitney filed his migraine disability claim on October 5, 1990. Second, Whitney challenges the Veterans Court's determination that the "altered evidence" rule set forth in *Cushman v. Shinseki*, 576 F.3d 1290, 1298–99 (Fed. Cir. 2009), does not apply to his case. Although we have jurisdiction to review certain constitutional and legal issues decided by the Veterans Court, we are statutorily prohibited from reviewing the court's factual determinations or the court's application of law to particular facts. 38 U.S.C. § 7292(d)(2). Both of the issues raised by Whitney involve factual findings or application of law to facts. We therefore lack jurisdiction to hear either of Whitney's challenges, and we dismiss this appeal.

BACKGROUND

A. Disability Compensation Claims

Whitney served on active duty in the U.S. Army from 1978 to 1980. In January 1981, Whitney filed service connection disability claims for a back disability, a right ankle disability, and seizures.[1] In August 1981, the Veterans Affairs Regional Office ("Regional Office") denied disability compensation for Whitney's claims. Whitney never

———————————

[1] Whitney raised a number of other disability claims not relevant to this appeal.

appealed the denial of these claims, rendering the August 1981 decision final.

On October 5, 1990, Whitney filed a request to "reopen or refile" his disability compensation claims for a back disability, a right ankle disability, and migraine headaches. Between 1991 and 2014, the Regional Office and the Board of Veterans' Appeals ("Board") rendered a number of decisions that resulted in the Regional Office granting disability compensation for all three disabilities. The Regional Office determined that all three disabilities were entitled to an effective date of October 5, 1990—the date of Whitney's refiled claims. Whitney appealed the Regional Office's determination to the Board, seeking an effective date of January 1981—the date of Whitney's originally filed claims. The Board denied Whitney's request for an earlier effective date, and Whitney appealed the Board's decision to the Court of Appeals for Veterans' Claims ("Veterans Court").

## B. Veterans Court

The Veterans Court affirmed the Board's denial of Whitney's request for an earlier effective date.

With respect to Whitney's migraine headache claim, the Veterans Court found that Whitney never expressly or impliedly communicated his intent to file a claim for headaches before October 5, 1990. The Veterans Court rejected Whitney's argument that he had informally sought a service connection for headaches in January 1981. Whitney's 1981 claim for seizures, the Veterans Court explained, did not constitute an informal claim for headaches because "a seizure is not a headache." J.A. 23. The Veterans Court further explained that the mention of headaches in Whitney's 1981 VA medical records was not an informal claim for headaches because "evidence of a disability is not a claim." J.A. 23.

With respect to Whitney's back and right ankle claims, the Veterans Court determined that Whitney's 1981 claims had been finally adjudicated, and thus Whitney could not rely on those original claims as a basis for an earlier effective date.  The Veterans Court explained that the Regional Office's 1981 denial of Whitney's claims became final when Whitney failed to appeal those decisions.  Whitney's 1990 back and right ankle claims were thus "claims to reopen" after a final adjudication and were thus only entitled to effective dates as of his filing of the claims to reopen:  October 5, 1990.

The Veterans Court rejected four other arguments raised by Whitney.  Specifically, the Veterans Court determined that:  (i) the "unavailable records" exception in 38 C.F.R. § 3.156(c)(3) did not apply to his case; (ii) the "new and material evidence" provisions of 38 C.F.R. § 3.400(q) did not apply to his case; (iii) the "altered evidence" rule set forth in *Cushman*, 576 F.3d at 1298–99, did not apply to his case; and (iv) the rule for waiving the timeliness requirement, as set forth in *Percy v. Shinseki*, 23 Vet. App. 37, 45 (2009), did not apply to his case.

The Veterans Court thus denied Whitney's request for an effective date earlier than October 5, 1990.  Whitney timely appealed.

ANALYSIS

Our jurisdiction to review decisions by the Veterans Court is limited by 38 U.S.C. § 7292.  We have jurisdiction "to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision."  38 U.S.C. § 7292(c) (2006).  But we lack jurisdiction to "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case," unless those challenges present Constitutional issues.  *Id.* § 7292(d)(2).  While pro se pleadings are to be

liberally construed, the pro se plaintiff must nonetheless establish jurisdiction. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

Whitney raises two challenges on appeal:  (i) he challenges the Veterans Court's factual determination that Whitney first filed his migraine disability claim on October 5, 1990; and (ii) he challenges the Veterans Court's application of *Cushman v. Shinseki* to the facts of his case.  We lack jurisdiction to consider either challenge.

First, Whitney challenges the Veterans Court's effective date determination by asserting that, in 1981, he "presented enough information to raise if not a formal claim . . . an informal claim for the [migraine] disability." Appellant Br. 2.  The factual determination of "when a disability was claimed or service connection was established [is] not subject to our review." *Butler v. Shinseki*, 603 F.3d 922, 926 (Fed. Cir. 2010); *see also Bonner v. Nicholson*, 497 F.3d 1323, 1328 (Fed. Cir. 2007).  Likewise, the factual determination of whether a veteran sufficiently filed an informal disability claim is not subject to our review. *Ellington v. Peake*, 541 F.3d 1364, 1371 (Fed. Cir. 2008).  We therefore lack jurisdiction to review Whitney's first challenge.

Second, Whitney challenges the Veterans Court's determination that *Cushman v. Shinseki*, 576 F.3d at 1290, does not apply to the facts of his case.  Appellant Br. 2 (stating the second issue on appeal as "[w]hether the law in cushman v. stopping . . . extends to this veterans case"). We lack jurisdiction to review "a challenge to a law or regulation as applied to the facts of a particular case."  38 U.S.C. § 7292(d)(2).  To the extent Whitney's brief can be liberally construed as challenging other aspects of the Veterans Court's decision, we conclude that those arguments would also be as-applied legal challenges over which we lack jurisdiction. *Id*.  We therefore lack jurisdiction to review Whitney's second challenge.

CONCLUSION

Whitney's appeal challenges the Veterans Court's factual findings and the Veterans Court's application of law to Whitney's particular case. Under 38 U.S.C. § 7292(d)(2), we may not consider these challenges. We must therefore dismiss this appeal.

**DISMISSED**

COSTS

No costs.