NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CARY E. SMITH,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-2063

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-4777, Senior Judge Robert N. Davis.

---

Decided: April 12, 2021

---

CARY E. SMITH, Grand Prairie, TX, pro se.

KELLY A. KRYSTYNIAK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM.

---

Before LOURIE, O'MALLEY, and STOLL, *Circuit Judges.*

PER CURIAM.

Cary Smith appeals from the decision of the Court of Appeals for Veterans Claims ("the Veterans Court") affirming the decision of the Board of Veterans' Appeals ("the Board") denying an effective date earlier than September 8, 2015, for right and left knee patellofemoral syndrome. *See Smith v. McDonough*, No. 19-4777 (Vet. App. Apr. 29, 2020) ("*Decision*"). Because Smith's arguments challenge only the application of law to fact, which we lack jurisdiction to review, we *dismiss* the appeal.

## BACKGROUND

Smith served on active duty in the United States Army from 1989 until 1993, with service during the Persian Gulf War. In January 1998, Smith filed for service connection for bilateral patellofemoral syndrome. In a July 1998 rating decision, the regional office ("RO") awarded a noncompensable rating for bilateral patellofemoral syndrome with an effective date of January 23, 1998. Following the July 1998 rating decision, Smith was notified of his appellate rights but did not appeal the decision or submit new and material evidence within one year. Accordingly, the July 1998 rating decision became final.

In September 2015, Smith filed for an increased rating for his bilateral knee patellofemoral syndrome and also moved to revise the July 1998 RO decision on the basis of clear and unmistakable error ("CUE"). In April 2016, the RO awarded 10 percent ratings for Smith's right and left knee patellofemoral syndrome, with an effective date of September 8, 2015.

Smith appealed the effective date determination to the Board, contending that it should be the date when he first sought treatment in 1992. The Board found that the July 1998 RO decision became final when Smith was notified of his appeal rights and failed to appeal the decision or submit

new and material evidence within one year of that decision. The Board also found that Smith did not submit evidence indicating an intent to seek an increased rating between July 1998 and September 2015, observing that there were no medical records dated during this period. Finally, the Board found that there was no evidence that Smith experienced an increase in his disabilities within one year prior to September 2015, such that the provisions of 38 U.S.C. § 5110(b)(3) would provide an earlier effective date. Accordingly, the Board affirmed the effective date of September 8, 2015. With respect to Smith's CUE claim, the Board observed that the RO had yet to adjudicate the claims and therefore the Board lacked jurisdiction to render a decision on that basis.

Smith appealed to the Veterans Court, arguing that the Board provided an inadequate statement of reasons for its determinations because it failed to address whether he was entitled to compensation for other conditions related to his diagnosed patellofemoral syndrome. The court found that the Board did not err because Smith failed to provide any evidence showing that he either appealed his July 1998 noncompensable award or submitted an increased-rating claim before September 2015. *Decision*, slip op. at *4. The court also found that the Board did not err by failing to consider whether Smith was entitled to compensation for other conditions related to his disability because Smith did not provide any evidence showing that his patellofemoral syndrome affects other areas of the body. *Id.* Because of the lack of evidence, the court determined that any alleged failure by the Board was harmless. *Id.* The court declined to address the Board's determination that it lacked jurisdiction to consider Smith's CUE because Smith brought no argument relating to that determination. *Id.* slip op. at *1 n.2.

Smith then timely appealed to this court.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited. We may review a decision of the Veterans Court with respect to a rule of law or interpretation of a statute or regulation relied on by the Veterans Court in its decision. 38 U.S.C. § 7292(a). However, except with respect to constitutional issues, we may not review challenges to factual determinations or challenges to the application of a law or regulation to the facts of a case. § 7292(d)(2). In considering whether an appeal falls within our jurisdiction, we look to the substance of the issues presented rather than a party's characterization of the question. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999).

On appeal, Smith principally argues that the Veterans Court failed to liberally construe his claim to include all disorders that it might reasonably encompass. Specifically, he contends that the Board failed to provide an adequate statement of reasons for its determination that Smith was not entitled to an earlier effective date because it failed to address whether he was entitled to compensation for other conditions related to his diagnosed patellofemoral syndrome. Smith also appears to challenge the determinations by the Board and Veterans Court not to address his CUE claim as to the 1998 RO decision.

The government responds that whether the Board satisfied its duty to sympathetically construe Smith's filings involves the application of law to fact and is therefore outside our jurisdiction. Likewise, with respect to Smith's CUE claim, the government argues that we lack jurisdiction because the issue was not raised before or addressed by the Veterans Court.

We agree with the government that we lack jurisdiction to review the denial of an earlier effective date. The effective date for an increase in disability compensation rating generally cannot precede the date on which the

veteran applies for the increase.  38 U.S.C. § 5110(a).  The effective date can predate the filing of the claim if the application is received within one year of the increase in disability.  *Id.* § 5110(b)(3).   The 2016 rating decision increased Smith's compensation to 10 percent and assigned an effective date of September 8, 2015, the date of Smith's claim.  The Board affirmed the effective date determination because it found that there was no evidence that the increase in Smith's disability occurred within one year prior to the filing of his claim or that Smith intended to seek an increased rating between 1998 and 2015.

The assessment of this evidence, or lack thereof, by the Board and Veterans Court is a factual issue that we lack jurisdiction to review.  *See Butler v. Shinseki*, 603 F.3d 922, 926 (Fed. Cir. 2010).  Even on appeal, although Smith refers to treatment of his knee condition between the end of his service and his 1998 application for benefits, he does not direct us to any evidence between the 1998 rating decision and 2015 that contradicts the Board's determination of the finality of that decision or an increase in his disability within one year prior to the filing of his 2015 claim for an increased rating.

We also agree with the government that we lack jurisdiction to consider Smith's argument that the Board failed in its duty to liberally construe his claim as encompassing disorders beyond his knee condition.  "[T]he interpretation of the contents of a claim for benefits [is] a factual issue over which we [do] not have jurisdiction."  *Ellington v. Peake*, 541 F.3d 1364, 1371 (Fed. Cir. 2008) (citing *Bonner v. Nicholson*, 497 F.3d 1323, 1328 (Fed. Cir. 2007)).  In any event, as the Veterans Court found, Smith did not present any medical evidence suggesting that his patellofemoral syndrome affected any body part other than his knees.

With respect to Smith's CUE claim, the Veterans Court did not address his CUE claim because he did not raise any argument relating to the Board's determination to refer it

to the RO.  Because Smith does not challenge the Board's ruling that it does not have jurisdiction to consider CUE arguments in the first instance and the issue was not raised or addressed by the Veterans Court, we agree with the government that we lack jurisdiction to consider the issue on appeal.  *See Forshey v. Principi*, 284 F.3d 1335, 1358 (Fed. Cir. 2002) (en banc).

## CONCLUSION

We have considered Smith's remaining arguments but find them unpersuasive.  For the foregoing reasons, we *dismiss* the appeal for lack of jurisdiction.

## **DISMISSED**

### COSTS

No costs.