# United States Court of Appeals for the Federal Circuit

2008-7012

THOMAS ELLINGTON, JR.,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Sandra E. Booth, of Columbus, Ohio, argued for claimant-appellant.

Meredyth D. Cohen, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Jamie L. Mueller, Attorney, United States Department of Veterans Affairs, Office of the General Counsel, Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Alan G. Lance, Sr.

# United States Court of Appeals for the Federal Circuit

2008-7012

THOMAS ELLINGTON, JR.,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 04-0403, Judge Alan G. Lance, Sr.

_____

DECIDED:  September 16, 2008

_____

Before NEWMAN, SCHALL, and MOORE, Circuit Judges.

SCHALL, Circuit Judge.

Thomas Ellington, Jr. is a veteran.  In April of 2002, the Cleveland Regional Office ("RO") of the Department of Veterans Affairs ("VA") awarded Mr. Ellington secondary service connection for two disabilities, diabetes mellitus and hypertension. Ellington v. Nicholson, 22 Vet. App. 141, 143 (2007) ("Ellington II").  At the same time, it set an effective date of September 10, 1998, for the conditions.  Id.  Mr. Ellington appealed that decision to the Board of Veterans' Appeals ("Board"), seeking to move the effective date back to either October 1990 or October 1993.  The Board affirmed the

RO's assignment of a September 10, 1998 effective date, In re Ellington, No. 03-18 043 (Bd. Vet. App. Mar. 8, 2004) ("Ellington I"), and Mr. Ellington appealed to the Court of Appeals for Veterans Claims ("Veterans Court"). The Veterans Court affirmed the decision of the Board. See generally Ellington II. Mr. Ellington now appeals to us. We affirm.

BACKGROUND

I.

Mr. Ellington served on active duty in the United States Navy from October 1963 through September 1967. Id. at 142. During that time, he was exposed to jet fuel solvents and electromagnetic radiation, both of which are carcinogens. In October of 1990, after being diagnosed with non-lymphocytic leukemia, Mr. Ellington filed a claim with the Cleveland RO for service connection for the condition. Id.

The RO twice denied Mr. Ellington's claim for service connection for his leukemia, once in June 1992 and again in January 1993. Id. Following the second denial, on October 6, 1993, Mr. Ellington underwent a VA Compensation and Pension Rating Examination to determine the service connectedness of his leukemia. Id. As part of that examination, Mr. Ellington completed a Report for Medical Examination for Disability Evaluation, known as VA Form 21-2545. Id. In response to a question on the form asking him to list his symptoms, Mr. Ellington provided the following information: "FATIGUE, SKIN PROBLEMS FROM CHEMOTHERAPY; EAR PROBLEMS, HIGH BLOOD PRESSURE; BORDERLINE DIABETIC." Id.

In September of 1996, following his appeal, the Board concluded that Mr. Ellington's leukemia was service connected and awarded him an effective date for the condition of October 31, 1990, the date his claim was filed. Id.

On September 10, 1998, the Cleveland RO received a letter from Mr. Ellington's representative purporting to be an "'an informal claim'" for service connection for diabetes and hypertension. Id. at 142–43. An informal claim is "[a]ny communication or action, indicating an intent to apply for one or more benefits under the laws administered by the Department of Veterans Affairs, from a claimant, his or her duly authorized representative, a Member of Congress, or some person acting as next friend of a claimant who is not sui juris." 38 C.F.R. § 3.155(a) (2007); see also Rodriguez v. West, 189 F.3d 1351, 1353 (Fed. Cir. 1999). The RO initially denied Mr. Ellington's claim for service connection for these two ailments. Ellington II, 22 Vet. App. at 143. In March of 2002, however, the Board awarded Mr. Ellington service connection for both diabetes and hypertension as conditions secondary to his leukemia. Id. A secondary condition is a "disability which is proximately due to or the result of a service-connected disease or injury." 38 C.F.R. § 3.310(a). One month later, the RO assigned each disability a September 10, 1998 effective date. Ellington II, 22 Vet. App. at 143.

Mr. Ellington appealed the Cleveland RO's assignment of a September 10, 1998 effective date to the Board. Before the Board, Mr. Ellington raised numerous arguments, only one of which is relevant to the present appeal. Specifically, Mr. Ellington argued that his secondary conditions, diabetes and hypertension, arose from his original condition of leukemia and must therefore receive an identical effective date. Ellington I, slip op. at 15. The Board summarily rejected this argument, concluding that

it would be illogical to always extend the effective date for secondary conditions to the effective date for the underlying primary condition when the secondary conditions could potentially arise years after the onset of the primary condition. Id. Accordingly, the Board affirmed the RO's decision to assign a September 10, 1998 effective date to the secondary conditions. Id. at 16.

Mr. Ellington appealed the Board's decision to the Veterans Court. On September 13, 2006, the court affirmed the Board's decision in a single-judge decision. Ellington II, 22 Vet. App. at 143. Mr. Ellington then moved for panel reconsideration, which the court granted. Id. Accordingly, the court withdrew the single-judge decision and heard Mr. Ellington's appeal as a panel. Id.

II.

Before the Veterans Court, Mr. Ellington raised two alternative arguments, each directed at establishing an earlier effective date for his diabetes and hypertension. First, Mr. Ellington argued that he was entitled to an October 31, 1990 effective date. Id. at 144. In support of this argument, Mr. Ellington pointed to 38 C.F.R. § 3.310(a), which provides in relevant part that "[w]hen service connection is . . . established for a secondary condition, the secondary condition shall be considered a part of the original condition." Id. Mr. Ellington maintained that section 3.310(a) must be read literally to provide that a secondary condition be treated completely identically to the original condition, which includes assigning to it the same effective date as the original condition. Id. Alternatively, Mr. Ellington argued that he had made an informal claim for service connection for diabetes and hypertension when he listed those two symptoms

on VA Form 21-2545 on October 6, 1993, and that he should therefore have that date as the effective date for his secondary conditions. Id. at 145.

The Veterans Court rejected both of these arguments. With respect to Mr. Ellington's argument that 38 C.F.R. § 3.310(a) requires that a secondary condition receive an effective date identical to that assigned to the underlying primary condition, the court concluded that its decision in Roper v. Nicholson, 20 Vet. App. 173 (2006), aff'd, 240 Fed. Appx. 422 (2007), foreclosed such an interpretation of section 3.310(a). Ellington II, 22 Vet. App. at 145. In Roper, the Veterans Court held that section 3.310(a) deals solely with entitlement to disability ratings, not with the administrative details of assigning such ratings. 20 Vet. App. at 180. Furthermore, the court noted, Roper held that primary and secondary conditions must be afforded the same treatment. Ellington II, 22 Vet. App. at 145; Roper, 20 Vet. App. at 181. Thus, the court concluded, the effective dates for both primary and secondary conditions are governed by 38 C.F.R. § 3.400, which provides that the effective date is the later of the date the condition arose or the date the veteran applied for benefits. Ellington II, 22 Vet. App. at 145. Accordingly, the court reasoned that since Mr. Ellington applied for benefits on September 10, 1998, and since his diabetes and hypertension likely arose prior to that date, making the application date later than the date the conditions arose, he was properly assigned September 10, 1998 as the effective date for his diabetes and hypertension secondary conditions. Id.

In addressing Mr. Ellington's argument that he informally filed for benefits on October 6, 1993 upon completing VA Form 21-2545, the Veterans Court pointed to 38 C.F.R. § 3.155(a). That regulation requires a veteran filing an informal claim to

"indicat[e] an intent to apply for one or more benefits under the laws administered by the [VA]." 38 C.F.R. § 3.155(a). While acknowledging its obligation to "sympathetically read" a veteran's filing to determine if it constitutes an informal claim, Moody v. Principi, 360 F.3d 1306, 1310 (Fed. Cir. 2004), the court nonetheless concluded that, even reading Mr. Ellington's submissions in VA Form 21-2545 sympathetically, it was unable to conclude that he had expressed a sufficient "intent to apply" for service connection for diabetes and hypertension in 1993, Ellington II, 22 Vet. App. at 145–46. The court stated:

> VA Form 21-2545 is designed to elicit information from a claimant for diagnostic purposes only. VA had no reason to assume—and the appellant had no reason to believe—that an application for benefits was being filed each time he answered a question on the form by providing current medical information.

Id. The Veterans Court did not, however, hold that statements made on VA Form 21-2545 could never constitute an informal claim. The court observed: "We de not hold that the submission of a document in connection with a VA examination could never constitute an informal claim." Id. at 146. Rather, the court concluded that, in Mr. Ellington's case, the VA could not properly discern an "intent to apply" for benefits from his mere listing of symptoms. Id. As the court observed, Mr. Ellington listed five symptoms on VA Form 21-2545. Id. Yet, he only claimed service connection for two of those five symptoms, without providing any methodology by which the VA could distinguish symptoms for which service connection was claimed from those for which it was not claimed. Id. Thus, the Veterans Court concluded, Mr. Ellington's statements on VA Form 21-2545 in 1993 did not constitute an informal claim, and he therefore

could not claim an entitlement date earlier than September 10, 1998 for his secondary conditions. Id. at 146–47.

## DISCUSSION

### I.

Pursuant to 38 U.S.C. § 7292(c), we have limited jurisdiction to review decisions of the Veterans Court. Boggs v. Peake, 520 F.3d 1330, 1333 (Fed. Cir. 2008). Specifically, we possess "exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c) (2000). We also have jurisdiction to review decisions of the Veterans Court on issues of law. Jordan v. Nicholson, 401 F.3d 1296, 1297 (Fed. Cir. 2005). However, "[e]xcept to the extent that an appeal . . . presents a constitutional issue, [we] may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 292(d)(2). Thus, we have jurisdiction to hear Mr. Ellington's appeal only to the extent that it raises issues of law. To the extent that Mr. Ellington's appeal raises issues of fact or issues of law applied to fact, we do not have jurisdiction to consider his claims.

In considering any issues of law properly raised by Mr. Ellington's appeal, we review de novo the decision of the Veterans Court. Boggs, 520 F.3d at 1334; Summers v. Gober, 225 F.3d 1293, 1295 (Fed. Cir. 2000). We set aside the Veterans Court's conclusions on an issue of law if they are found to be "(a) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (b) contrary to constitutional right, power, privilege, or immunity; (c) in excess of statutory jurisdiction, authority, or

limitations, or in violation of a statutory right; or (d) without observance of procedure required by law." 38 U.S.C. § 7292(d)(1).

On appeal, Mr. Ellington raises two contentions. First, he argues that he is entitled to an October 31, 1990 effective date for his diabetes and hypertension. As he did before the Veterans Court, he urges that primary and secondary conditions must be treated identically and therefore must be assigned identical effective dates. Alternatively, he argues that he is entitled to an October 6, 1993 effective date for his secondary conditions. He contends that his submission of VA Form 21-2545 constituted an informal claim and that his effective date should therefore arise upon the submission of that form. We address these contentions in turn.

## II.

## A.

In arguing for an October 31, 1990 effective date, Mr. Ellington contends that the Veterans Court misinterpreted 38 C.F.R. §§ 3.310 and 3.400 in determining that a veteran cannot receive secondary service connection for a disability until he or she has specifically filed a claim for service connection for that disability. Pointing out that section 3.400 does not distinguish between primary and secondary conditions, he argues that this lack of a distinction implicitly establishes that both types of claims must be treated identically, which includes the receipt of identical effective dates. Mr. Ellington further argues that section 3.310 reinforces such equal treatment of primary and secondary conditions. That section provides that secondary conditions are to be considered "part of the original condition." 38 C.F.R. § 3.310. For secondary conditions

to be treated as "part of the original condition," Mr. Ellington argues, they must receive the same effective date.

Mr. Ellington also contends that the Veterans Court erred in its reliance on Roper. Specifically, Mr. Ellington maintains that Roper presented a different legal issue from the one presented in this case and is distinguishable on the facts. In addition, he states that Roper contains language suggesting that original and secondary conditions should receive similar treatment. See 20 Vet. App. at 181 ("Based on the regulatory history, we find that the plain meaning of the regulation is and has always been to require VA to afford secondarily service-connected conditions the same treatment (no more or less favorable treatment) as the underlying service-connected conditions for all determinations."). This language, Mr. Ellington asserts, supports his contention that his secondary conditions should receive an effective date identical to that for his primary condition.

The government takes the position that we have jurisdiction to hear Mr. Ellington's claim for the October 31, 1990 effective date, which depends upon the purely legal issue of the proper interpretation of certain regulations. On the merits, the government responds to Mr. Ellington's contentions by arguing that his literal reading of 38 C.F.R. § 3.310 conflicts both with the plain-meaning of 38 C.F.R. § 3.400 and with the Veterans Court's decision in Roper. Under section 3.400, the government argues, the effective date for any disability, primary or secondary, is the "date of receipt of claim, or [the] date entitlement arose, whichever is later." Thus, the government contends, the effective date for a secondary condition cannot arise any earlier than the date on which a veteran applies for benefits related to that condition. According to the government,

because Mr. Ellington did not submit an application for benefits related to diabetes and hypertension until September 10, 1998, his effective date for those benefits can be no earlier than that date.

The government further notes that <u>Roper</u> forecloses a literal interpretation of section 3.310 that would require secondary and primary conditions to receive identical effective dates. According to the government, in <u>Roper</u> the Veterans Court held that section 3.310 deals only with <u>entitlement</u> to service connection and leaves to other provisions of the regulations, such as section 3.400, the details of assigning effective dates.

B.

We agree with the parties that we have jurisdiction to consider Mr. Ellington's claim. Mr. Ellington's claim to an October 31, 1990 effective date depends entirely upon the interpretation of certain regulations, specifically 38 C.F.R. §§ 3.310 and 3.400. We are thus presented with a purely legal issue, which we have the authority to adjudicate.

Mr. Ellington correctly notes that section 3.310 provides that "[w]hen service connection is . . . established for a secondary condition, the secondary condition shall be considered a part of the original condition." However, a requirement that a secondary condition "be considered a part of [an] original condition" does not, in our view, establish that the original condition and the secondary condition must receive identical effective dates. Indeed, a per se rule requiring identical effective dates for primary and secondary conditions would be illogical, given that secondary conditions may not arise until years after the onset of the original condition. For instance, in the present case, the Board noted that the evidence suggested that Mr. Ellington did not

develop diabetes or hypertension until after the effective date of his primary condition (leukemia). Ellington I, slip op. at 15. In addition, it is undisputed that Mr. Ellington did not file a claim for service connection for diabetes and hypertension until September 10, 1998. Accordingly, it would be illogical to award Mr. Ellington an October 31, 1990 effective date for diabetes and hypertension when the evidence indicates that those conditions did not develop until some later date. Thus, we agree with the Veterans Court that the effective date for secondary conditions is governed by section 3.400, which establishes the effective date as the "date of receipt of claim, or [the] date entitlement arose, whichever is later." We think this result is consistent with 38 U.S.C. § 5110, the statute which governs the effective date of awards. Section 5110(a) provides generally that "[u]nless specifically provided otherwise in this chapter, the effective date of an award based on an original claim . . . shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor." The statute contains no exception to this rule for a claim, such as the one filed in this case, seeking service connection for an alleged secondary condition.

Our view is in accord with the Veterans Court's Roper decision, which we affirmed without opinion. See 240 Fed. Appx. at 423. In that case, veteran Benny R. Roper argued, inter alia, that he was entitled to an increased disability rating for hearing loss and depression resulting from his service. See generally Roper. Specifically, Mr. Roper incurred bilateral hearing loss from acoustic trauma caused by friendly gunshot fire during his service in Korea. Id. at 175. He received service connection for his hearing loss in November 1970. Id. His hearing worsened over the years, however, and he eventually developed depression as a consequence. Id. He applied for

secondary service connection for the depression, which his RO awarded in April 1999. Id. The RO determined that Mr. Roper was entitled to a 50% disability rating for the hearing loss and a 50% disability rating for the depression. Id. Pursuant to a table set forth at 38 C.F.R. § 4.25, the RO combined these disability ratings to arrive at an overall disability rating of 80%. Id. Mr. Roper appealed the RO's decision to combine the disability ratings to the Board, which affirmed the RO's determination. Id. at 174.

Mr. Roper appealed the Board's decision. On appeal, Mr. Roper argued that the plain meaning of 38 C.F.R. § 3.310(a), dealing with secondary conditions, requires the VA to "unify" the disability ratings of primary and secondary conditions by adding the percentages associated with each disability rating. Id. at 177. Thus, he maintained that he was entitled to a 100% disability rating, the sum of the two 50% disability ratings, rather than an 80% disability rating prescribed by the table at 38 C.F.R. § 4.25. Id. The Veterans Court rejected his argument. In so doing, it noted that any application for disability compensation consists of five elements: "(1) Veteran status; (2) existence of a disability; (3) a connection between the veteran's service and the disability; (4) degree of disability; and (5) effective date of the disability." Id. at 178. The court concluded that section 3.310(a) dealt with only one of those five elements, the connection between the veteran's service and disability. Id. at 180. Thus, it held that section 3.310(a) did not address the determination of the degree of disability. Id. at 181. It therefore determined that that section did not prevent the combining of disability ratings in line with section 4.25. Id.

As noted, Mr. Ellington points to language in Roper stating that the meaning of 38 C.F.R. §3.310 "is and always has been to require VA to afford secondarily service-

connected conditions the same treatment (no more or less favorable treatment) as the underlying service-connected conditions for all determinations." Id. What Mr. Ellington overlooks, however, is that the Veterans Court also stated in Roper that it could "find no evidence, persuasive or otherwise, that section 3.310(a) was intended to govern any element of disability benefit decisionmaking other than the determination of service connection." Id. at 180. We find the reasoning of Roper persuasive. Section 3.310(a) is concerned only with entitlement to service connection and is silent with respect to the proper effective date for service connection. See id. Section 3.400, on the other hand, specifically addresses the proper effective date for claims for benefits; as discussed above, it provides that an effective date can arise no earlier than the date on which application for benefits for the condition at issue was made.

We therefore conclude that the Veterans Court properly interpreted 38 C.F.R. § 3.400 in light of Roper, and accordingly affirm its decision declining to award Mr. Ellington an October 31, 1990 effective date for his secondary conditions of diabetes and hypertension.

III.

Mr. Ellington also contends, in the alternative, that he is entitled to an October 6, 1993 effective date for diabetes and hypertension, arguing that his listing those symptoms in VA Form 21-2545 qualified as an informal claim for benefits. Specifically, Mr. Ellington argues that the Veterans Court's failure to interpret his listing of symptoms in that form as an informal claim constituted a violation of the requirement that veterans' applications for benefits be construed generously. See Moody, 360 F.3d at 1310; Szemraj v. Principi, 357 F.3d 1370, 1373 (Fed. Cir. 2004); Roberson v. Principi, 251

F.3d 1378, 1384 (Fed. Cir. 2001). In <u>Roberson</u>, we held that the VA has a duty to fully develop any filing made by a veteran by determining all potential claims raised by the evidence. 251 F.3d at 1384. We reiterated this requirement in <u>Szemraj</u>, where we stated that the VA must generously construe a veteran's filing to discern all possible claims raised by the evidence. 357 F.3d at 1373. Finally, in <u>Moody</u>, we held that any ambiguity in a filing that could be construed as an informal claim must be resolved in the veteran's favor. 360 F.3d at 1310. Mr. Ellington maintains that his October 6, 1993 submissions in VA Form 21-2545 were at least ambiguous with respect to whether he sought service connection for diabetes and hypertension, and that this ambiguity must be resolved in his favor.

The government counters that we lack jurisdiction to consider Mr. Ellington's claim because it requires the application of law to fact. The government argues that the Veterans Court's determination of whether Mr. Ellington's statements in VA Form 21-2545 constituted an informal claim fundamentally involves an issue of law, i.e. the requirements of 38 C.F.R. § 3.155(a), applied to fact, i.e. the contents of Mr. Ellington's VA Form 21-2545. Alternatively, the government argues that, assuming we have jurisdiction, we should affirm the Veterans Court's decision.

We agree with the government that we lack jurisdiction to consider Mr. Ellington's claim for entitlement to an October 6, 1993 effective date. In <u>Bonner v. Nicholson</u>, 497 F.3d 1323 (Fed. Cir. 2007), we held that the interpretation of the contents of a claim for benefits was a factual issue over which we did not have jurisdiction, <u>id.</u> at 1328. In that case, Elizabeth Bonner, a widow of a veteran, initially reported to the VA generally that the cause of her husband's death was "cancer." <u>Id.</u> at 1324. In due course, an autopsy

revealed the exact cause of death to be Hodgkin's disease, a type of cancer. Id. In 1975, the RO initially denied Mrs. Bonner's claim for dependency and indemnity compensation, concluding that no evidence of service connection for the Hodgkin's disease existed. Id. Roughly twenty years later, in 1995, Mrs. Bonner obtained an analysis of cells taken from her husband's body that indicated that he likely died from Non-Hodgkin's lymphoma, a different type of cancer. Id. at 1325. Mrs. Bonner thereafter applied for service connection for the Non-Hodgkin's lymphoma, seeking as an effective date the date of her husband's death. Id. The RO ultimately awarded service connection beginning on November 1, 1995, the date the VA received a letter from Mrs. Bonner reporting Non-Hodgkin's lymphoma as the cause of her husband's death. Id.

Mrs. Bonner appealed the RO's decision to the Board. Id. at 1326. The Board concluded that Mrs. Bonner could not obtain benefits dating back to the 1975 date of her husband's death because the original denial of benefits was based upon a purported cause of death, Hodgkin's disease, which was no longer considered the actual cause of death. Id. The Veterans Court affirmed the Board's conclusion, stating: "[T]he evidence established that Mrs. Bonner's [1975] claim was one for Hodgkin's disease as the cause of her husband's death, and, therefore, we cannot conclude that the evidence reasonably raised any claims for [a] cause of death by types of cancer other than Hodgkin's disease." Bonner v. Nicholson, 19 Vet. App. 188, 195 (2005).

Mrs. Bonner appealed the Veterans Court's decision. On appeal, we held that we lacked jurisdiction. Bonner, 497 F.3d at 1328. Before us, Mrs. Bonner argued that the Veterans Court had misapplied Moody by failing to interpret her 1975 claim as an

application for service connection for all types of cancer, including Non-Hodgkin's lymphoma. Id. We rejected that argument, concluding that "the interpretation of the 1975 claim 'is essentially a factual inquiry, and it is beyond our jurisdiction to make that determination.'" Id. (quoting Moody, 360 F.3d at 1310). Indeed, Mrs. Bonner did not argue that the Board misconstrued Moody or that it failed to consider the case but rather that the Board misapplied Moody to the facts of her case, an issue of law applied to fact over which we did not possess jurisdiction. Id.

Similarly, here, Mr. Ellington does not argue that the Veterans Court failed to consider or misinterpreted Moody, Szemraj, or Roberson. Indeed, Mr. Ellington could not make such an argument because the Veterans Court explicitly acknowledged its obligation to "'sympathetically read'" Mr. Ellington's claims in light of Moody. Ellington II, 22 Vet. App. at 145. Rather, Mr. Ellington essentially argues that the Veterans Court improperly concluded that the VA satisfied its duty to sympathetically construe his claims when it concluded that his statements on VA Form 21-2545 did not raise an informal claim for benefits. This is indistinguishable from Mrs. Bonner's argument that the VA failed to sympathetically construe her claim. Both claims implicate the application of law to fact, a matter over which we lack jurisdiction. 38 U.S.C. § 7292(d)(2); Bonner, 497 F.3d at 1328.

Because we decide that we do not have jurisdiction to consider Mr. Ellington's argument that he is entitled to an October 6, 1993 effective date for diabetes and hypertension, we do not reach the merits of his claim that the Veterans Court misapplied Moody, Szemraj, and Roberson to the facts of his case.

CONCLUSION

For the foregoing reasons, we agree with the Veterans Court that the effective date for a secondary condition arises no earlier than the date for which a veteran applies for service connection for that condition. Accordingly, we affirm the decision of the Veterans Court affirming the decision of the Board that Mr. Ellington cannot obtain an October 31, 1990 effective date for his diabetes and hypertension secondary conditions. We do not consider Mr. Ellington's alternative claim that, based upon his completion of VA Form 21-2545, he is entitled to an effective date of October 6, 1993, for his secondary conditions. That claim involves an application of law to fact and therefore is beyond our jurisdiction under 38 U.S.C. § 7292(d).

COSTS

Each party shall bear its own costs.

<u>AFFIRMED</u>