NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ALEJANDRO BEY,**

*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee.*

---

2011-7151

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 09-1326, Judge Ronald M. Holdaway.

---

Decided: November 9, 2011

---

ALEJANDRO BEY, of San Bernandino, California, pro se.

SCOTT A. MACGRIFF, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attor-

ney General, JEANNE E. DAVIDSON, Director, and KIRK MANHARDT, Assistant Director.

———————————

Before LINN, DYK, and REYNA, *Circuit Judges.*

PER CURIAM.

Alejandro Bey ("Bey") appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), *Bey v. Shinseki*, No. 09-1326, 2011 WL 835532 (Vet. App. Mar. 8, 2011). In its decision, the Veterans Court affirmed a February 13, 2009, decision of the Board of Veterans' Appeals ("the Board") denying Bey's claim for entitlement to an effective date earlier than February 26, 2003, for service connection for bipolar disorder. We *dismiss*.

BACKGROUND

Bey filed his original claim for service connection for bipolar disorder in 1997. In a May 24, 1999, decision, the Board determined that Bey was not entitled to compensation for bipolar disorder because he had failed to submit sufficient evidence to establish service connection. Bey did not timely appeal this decision. By letter dated February 23, 2003, Bey again sought compensation for bipolar disorder based upon his doctor's determination that he was permanently disabled and unable to work. Treating Bey's letter as a request to reopen his previously denied claims for service connection for bipolar disorder, the Department of Veterans Affairs Regional Office ("Regional Office") granted Bey service connection for bipolar disorder effective February 26, 2003, the date Bey's letter was received and date-stamped. Bey appealed the Regional Office's decision to the Board, seeking an effective date prior to February 26, 2003.

On February 13, 2009, the Board declined to award an effective date prior to February 26, 2003, finding no evidence that Bey had filed a claim for service connection for bipolar disorder between May 24, 1999, the date of the Board's decision denying his original claim for service connection for bipolar disorder, and February 26, 2003. Bey appealed the Board's decision to the Veterans Court. On March 8, 2011, the Veterans Court affirmed the Board's decision. In so doing, the Veterans Court recognized that under 38 U.S.C. § 5110(a), "the earliest effective date that the appellant can obtain based on reopening his previously disallowed claim is the date that [the Department of Veterans Affairs] received his claim to reopen." *Bey*, 2011 WL 835532, at *2, slip op. at 3. Since the only evidence that Bey submitted to support an earlier effective date was a February 22, 2003, letter, and Bey failed to submit evidence that the February 22, 2003, letter or any other letter was actually received prior to the assigned effective date, the Veterans Court held that Bey failed to establish an effective date prior to February 26, 2003. This appeal followed.

DISCUSSION

Our jurisdiction to review the decisions of the Veterans Court is limited by statute. We may review the decisions of the Veterans Court "on a rule of law or of any statute or regulation," or "any interpretation thereof" relied upon by the Veterans Court in rendering its decision. 38 U.S.C. § 7292(a). However, with the exception of appeals that "present[] a constitutional issue," this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2); *see also Conway v. Principi*, 353 F.3d 1369, 1372 (Fed. Cir. 2004).

Under 38 U.S.C. § 5110(a), "[u]nless specifically provided otherwise [as is the case with clear and unmistakable error claims] . . . , the effective date of an award based on . . . a claim reopened after final adjudication . . . shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor." In other words, the effective date for an award for a previously denied claim based upon new and material evidence is the date that a request to reopen the claim is received. *See Sears v. Principi*, 349 F.3d 1326, 1331 (Fed. Cir. 2003); 38 C.F.R. § 3.400(q)(2). On appeal, Bey contends that the Veterans Court erroneously determined that he failed to raise his claim prior to the assigned effective date. Bey does not argue that the Veterans Court misinterpreted the law under § 5110(a), but rather that he had, in fact, submitted his claim prior to the assigned effective date. His theory was that the Department of Veterans Affairs misplaced earlier communications and failed to date stamp them. However, this factual inquiry is beyond the scope of our judicial review. *See* 38 U.S.C. § 7292(d)(2); *see also Ellington v. Peake*, 541 F.3d 1364, 1372 (Fed. Cir. 2008) (holding that the court lacked jurisdiction to review the appellant's claim that the Board erred in finding that his statements did not constitute an informal claim for the purposes of determining the effective date of his disability). Thus, this court is without jurisdiction.

**DISMISSED**

COSTS

No costs.