NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DANIEL L. CURTIS,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-1349

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-6818, Judge Michael P. Allen.

---

Decided:  October 27, 2020

---

DANIEL L. CURTIS, Mosca, CO, pro se.

JANA MOSES, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by JEFFREY B. CLARK, CLAUDIA BURKE, ROBERT EDWARD KIRSCHMAN, JR.; CHRISTINA LYNN GREGG, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before NEWMAN, DYK, and HUGHES, *Circuit Judges.*

PER CURIAM.

Appellant Daniel L. Curtis appeals the memorandum decision of the United States Court of Appeals for Veterans Claims affirming the Board of Veterans' Appeals decision to deny Mr. Curtis an effective date earlier than February 6, 2013, for service connection for coronary artery disease. *Curtis v. Wilkie*, No. 18-6818, 2019 WL 4309770 (Vet. App. Sept. 12, 2019) (*Decision*). Mr. Curtis also makes arguments related to a reasonably raised claim for service connection for anxiety and to his requests for specific paper records. Because Mr. Curtis only challenges factual determinations or the application of law to fact, issues we lack jurisdiction to review, we dismiss.

I

Mr. Curtis served on active duty in the United States Army from December 1969 to September 1972. *Decision* at *1. On February 6, 2013, the Department of Veterans Affairs received Mr. Curtis's claim for service connection for coronary artery disease. Appellant's Br. 120.[1] VA granted presumptive service connection based on exposure to Agent Orange and assigned a 100 percent rating, effective February 6, 2013. *Id.*

Mr. Curtis appealed the effective date assigned for his service-connected coronary artery disease to the Board, asserting that the effective date should have been as early as the day after his discharge from service, because he filed a claim for service connection for a heart disorder within a

---

[1]     Citations to Mr. Curtis's informal brief (and the pages and documents included therein) reflect the pagination applied by this court's electronic case files system, Docket No. 3.

year of his separation from the military. *Id.* In support of his claim, Mr. Curtis submitted a copy of his application for medical benefits form dated October 19, 1972, and a medical record dated October 19, 1972. *Id.* at 121.

On November 9, 2018, the Board denied an effective date earlier than February 6, 2013. *Id.* at 117. The Board considered the statements of both Mr. Curtis and his friend, Joe Funk, submitted in connection with his February 2013 claim about symptoms going back to 1972. *Decision* at *2. The Board also considered Mr. Curtis's correspondence sent to VA in October 1972, which it determined was an application for medical benefits rather than disability benefits. *Id.* Further, the section where medical conditions should be listed was left blank, and the treatment record that accompanied the application indicated a diagnosis of a potential viral infection rather than a heart disorder. *Id.* Accordingly, the Board found that Mr. Curtis's February 6, 2013, claim for service connection was the first claim for a heart disorder and the earliest effective date that could be assigned. *Id.*

The Veterans Court held that the Board had adequately considered the 1972 application and medical record, and thus did not err in finding that the application and medical record did not constitute a claim for benefits. *Id.*

## II

This court lacks jurisdiction to review factual issues and issues of application of law to fact. *Cook v. Principi*, 353 F.3d 937, 939 (Fed. Cir. 2003); *see also* 38 U.S.C. § 7292(d)(2). "[F]actual findings of when a disability was claimed or service connection established are not subject to our review." *Butler v. Shinseki*, 603 F.3d 922, 926 (Fed. Cir. 2010). Because Mr. Curtis's appeal raises only such issues, we dismiss for lack of jurisdiction.

Mr. Curtis also argues that we should remand for the Board to address whether a claim for service connection for

anxiety was raised by an August 2013 VA examination of his heart.[2]  However, the Veterans Court determined that Mr. Curtis did not produce any documents that indicated an intent to file a claim for anxiety, and "the interpretation of the contents of a claim for benefits [is] a factual issue over which we [do] not have jurisdiction." *Ellington v. Peake*, 541 F.3d 1364, 1371 (Fed. Cir. 2008).

Finally, Mr. Curtis attempts to frame his request to access his paper claims file in constitutional terms, asserting that his case presents the constitutional issue of whether "an electronic file disclosure meet[s] the Due Process right to view the paper file." Appellant's Br. 1 at item 3.  The Veterans Court considered Mr. Curtis's request for access to the paper file but concluded that "it [was] not clear what additional information [Mr. Curtis] could require or that VA committed error by failing to provide it. Thus, he ha[d] failed to fully develop this argument, and the [Veterans] Court need not consider it further." *Decision* at *3.  This Court does not have jurisdiction to review an issue not decided by the Veterans Court because it determined that the issue was not adequately raised.  *Andre v. Principi*, 301 F.3d 1354, 1362–63 (Fed. Cir. 2002).  Accordingly, we do not have jurisdiction to review this issue.

### III

Because we lack jurisdiction to review the issues raised by Mr. Curtis in this appeal, we dismiss.

### DISMISSED

No Costs.

---

[2]    The Secretary notes that Mr. Curtis is service connected for PTSD with a 100% rating since 1992, which contemplates anxiety symptoms. *Decision* at *3.