﻿Citation Nr: AXXXXXXXX
Decision Date: 01/29/21 Archive Date: 01/29/21

DOCKET NO. 200315-74403
DATE: January 29, 2021

ORDER

Entitlement to an effective date of May 7, 2018, but no earlier, for the grant of service connection for an acquired psychiatric disability is granted.

FINDING OF FACT

An earlier denial of service connection for an acquired psychiatric disability is on file. An acquired psychiatric disorder were first related to service or service connected disability, in a private medical record received by VA on May 7, 2018. He filed to reopen the service connection claim in May 2018.

CONCLUSION OF LAW

With resolution of reasonable doubt in the Veteran’s favor, the criteria for entitlement to an effective date of May 7, 2018, but no earlier, the grant of service connection for an acquired psychiatric disability have been met. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. §§ 3.1, 3.151, 3.155, 3.400.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active duty service in the United States Army from December 1986 to December 1989. 

In a February 2020 rating decision, the Agency of Original Jurisdiction (AOJ) granted the Veteran’s claim for service connection for major depressive disorder with anxious distress effective December 18, 2019. This was said to be the date the VA received his intent to file his claim for benefits. It followed a VA examination which found the psychiatric impairment was likely related to service connected back impairment. Service connection for posttraumatic stress disorder (PTSD) had been denied in a September 2009 rating, and continued to be denied by February 2020 rating action not herein at issue.

In a March 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket concerning the effective date of the grant of service connection. It was argued that PTSD had been diagnosed years ago, and that the effective date should be moved back years. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

Entitlement to an effective date earlier than December 18, 2019, for service connection of an acquired psychiatric disorder.

Generally, the effective date of an evaluation and award of pension, compensation, or dependency and indemnity compensation based on an original claim, a claim for increase, or a claim reopened after final disallowance, will be the date of receipt of the claim or the date entitlement arose, whichever is the later. 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400. Unless otherwise provided, the effective date of compensation will be fixed in accordance with the facts found but will not be earlier than the date of receipt of the claimant's application. 38 U.S.C. § 5110(a).

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active military, naval, or air service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303(a). Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in-service. 38 C.F.R. § 3.303(d).

As a general matter, service connection for a disability requires evidence of: (1) the existence of a current disability; (2) the existence of the disease or injury in-service, and; (3) a relationship or nexus between the current disability and any injury or disease during service. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004); see also Hickson v. West, 12 Vet. App. 247, 253 (1999).

Except as otherwise provided by law, a claimant has the responsibility to present and support a claim for benefits. VA shall consider all information and lay and medical evidence of record in a case and when there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

Here, a claim for entitlement to service connection for a mental condition (PTSD) was denied in a September 2009 rating decision. The Veteran timely filed a Notice of Disagreement (NOD) and the AOJ issued a Statement of the Case (SOC). The Board acknowledges the March 8, 2018 letter from the Regional Office indicating that the Veteran did not receive a notification letter and the SOC with regard to his PTSD claim because it was sent to an erroneous address on file and his appeal was closed because of VA error. Therefore, the Board will not consider this decision to be final. It is noted that PTSD was the sole claim and there are no signs of depressive disorder noted at the time of that earlier rating.

The Board notes that the Veteran submitted a claim for an earlier effective date for service connection for PTSD in May 2018. However, the Veteran was not service connected for PTSD or any other acquired psychiatric disability at that time. 

On May 25, 2018, the Veteran submitted a claim to reopen his claim for service connection for PTSD alleging both direct and secondary theories of entitlement. Along with this claim, he submitted a Disability Benefits Questionnaire (DBQ) provided by a private psychologist, which was received on May 7, 2018. The examiner diagnosed the Veteran with PTSD and major depressive disorder and opined that the Veteran’s PTSD is more likely than not a direct result of his military experience, and his major depressive disorder is more likely than not a consequence of his PTSD. She opined that both psychiatric conditions are more likely than not aggravated by his service-connected physical disabilities. This is the first evidence on file suggesting a connection between the Veteran’s acquired psychiatric disorder and his other service connected disabilities. His reopened claim was filed within 1 year of this evidence.

The Veteran subsequently submitted a claim for service connection for major depressive disorder and anxiety disorder in December 2019. In February 2020, the AOJ issued rating decisions granting service connection for major depressive disorder with anxious distress effective December 18, 2019 and confirming and continuing the previous denial of service connection for PTSD. This grant was based in large part on a positive opinion received on a recent VA examination that attributed the acquired psychiatric disorder to the other service connected orthopedic disorders. This essentially confirms the finding of the May 2018 DBQ.

The Board finds May 7, 2018 to be the earliest possible effective date for the grant of service connection for any acquired psychiatric disability, to include major depressive disorder. The Board acknowledges Clemons v. Shinseki, 23 Vet. App. 1, 5 (2009) (holding that the scope of a mental health disability claim includes any mental disability that may reasonably be encompassed by the claimant's description of the claim, reported symptoms, and the other information of record) in considering all evidence in the claims file as of the date of the Veteran’s original claim for PTSD. Again, it is noted that at that time there were no claims for or findings of other psychiatric impairment other than PTSD.

However, the regulations are clear in that the effective date of an award of service connection will be the later of the date of receipt of the claim or the date entitlement arose. 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400.

With regard to the application of 38 C.F.R. § 3.400, the term "date entitlement arose" is not defined in the current statute or regulation. However, the Court has interpreted it as the date when the claimant met the requirements for the benefits sought. This is determined on a "facts found" basis. See 38 U.S.C. § 5110(a); see also McGrath v. Gober, 14 Vet. App. 28, 35 (2000). It is important to note that an effective date generally can be no earlier than the "facts found." DeLisio v. Shinseki, 25 Vet. App. 45 (2011). These "facts found" include the date the disability first manifested and the date entitlement to benefits was authorized by law and regulation. See generally 38 C.F.R. § 3.400. For instance, if a claimant filed a claim for benefits for a disability before he actually had the disability, the effective date for benefits can be no earlier than the date the disability first manifested. Ellington v. Peake, 541 F.3d 1364, 1369-70 (Fed. Cir. 2008). 

In this case, prior to the May 2018 DBQ, there is no evidence of record indicating the requisite “nexus” element for service connection linking the Veteran’s psychiatric disabilities to the Veteran’s military service. See Shedden at 1163. Therefore, there are no facts upon which the Board can establish entitlement to service connection for any psychiatric disability prior to May 7, 2018.

Accordingly, the Board concludes that May 7, 2018 is the proper effective date for the award of service connection for an acquired psychiatric disability. 38 U.S.C. § 5107(b).

 

MICHAEL D. LYON

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board L. Sneeringer, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.