﻿Citation Nr: AXXXXXXXX
Decision Date: 02/26/21 Archive Date: 02/26/21

DOCKET NO. 200410-77315
 DATE: February 26, 2021

ORDER

Entitlement to an effective date of January 10, 2016, but no earlier, for the grant of a total disability rating based on individual unemployability (TDIU) is granted.

FINDING OF FACT

The most probative evidence demonstrates that the Veteran service-connected disabilities rendered him incapable of securing and following a substantially gainful employment from January 10, 2016.

CONCLUSION OF LAW

From January 10, 2016, the criteria for entitlement to an assignment of total disability rating based on individual unemployability (TDIU) are met. 38 U.S.C. §§ 5103A, 5107, 5110; 38 C.F.R. §§ 3.102, 3.340, 3.341, 4.16(b), 3.400.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active service from August 1982 to August 2005. 

This matter comes before the Board of Veteran's Appeals (Board) on appeal of a March 2020 rating decision of a Department of Veteran's Affairs (VA) Regional Office of the Veteran's Benefits Administration, which is the Agency of Original Jurisdiction (AOJ).

The Veteran’s claim for a TDIU had its onset in the Legacy system. The Veteran filed an Application for Increased Compensation Based on Unemployability on October 14, 2016, which was denied in a March 4, 2017 rating decision. The Veteran filed a Notice of Disagreement on July 20, 2017, electing review by a Decision Review Officer. A March 2020 rating decision granted entitlement to a TDIU, effective September 14, 2016, and a March 2020 Statement of the Case (SOC) was issued. 

The Veteran elected to appeal this issue to the Board by submitting a VA Form 10182 Board Appeal on April 10, 2020, selecting the direct review docket. As this is a Direct Review appeal under the Appeals Modernization Act (AMA) review system, the record closed on the date of the prior AMA decision, March 9, 2020.

1. Entitlement to an effective date earlier than September 14, 2016, for a total disability rating based on individual unemployability (TDIU)

Total disability ratings for compensation may be assigned, where the schedular rating is less than total, when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities. 38 C.F.R. §§ 3.340, 3.341; 38 C.F.R. § 4.16(a). 

A TDIU may be assigned where the schedular rating is less than total, when it is found that the disabled person is unable to secure or follow a substantially gainful occupation as a result of a single service-connected disability ratable at 60 percent or more, or as a result of two or more disabilities, provided at least one disability is ratable at 40 percent or more, and there is sufficient additional service-connected disability to bring the combined rating to 70 percent or more. 38 C.F.R. §§ 3.340, 3.341, 4.16(a).

With regard to the date of entitlement, the term "date entitlement arose" is not defined in the current statute or regulation. However, it is the date when the Veteran meets the requirements for the benefits sought, which is determined on a "facts found" basis. 38 U.S.C. § 5110 (a); McGrath v. Gober, 14 Vet. App. 28, 35 (2000). An effective date generally can be no earlier than the "facts found." DeLisio v. Shinseki, 25 Vet. App. 45 (2011). These "facts found" include the date the disability first manifested and the date entitlement to benefits was authorized by law and regulation. For instance, if a Veteran filed a claim for benefits for a disability before he actually had the disability, the effective date for benefits can be no earlier than the date the disability first manifested. Ellington v. Peake, 541 F.3d 1364, 1369-70 (Fed. Cir. 2008).

The AOJ granted the Veteran's claim to establish a TDIU, effective from September 14, 2016, the date of his Intent to File, which was followed by his application for a TDIU on October 14, 2016. The AOJ found that this was a full grant of the benefits sought regarding this issue. On April 15, 2020, the Veteran filed a timely Notice of Disagreement claiming entitlement to an earlier effective date. Contrary to the AOJ's finding, the TDIU allowance was not a full grant of the benefits sought, as the TDIU claim was filed during the pendency of the Veteran's appeal under the Legacy system seeking an increased evaluation for certain service-connected disabilities, and thus, a TDIU may be assigned as early as the Veteran's filing of these underlying claims. More specifically, the Board notes that a July 27, 2015, claim for increased rating for the Veteran’s depressive disorder was still pending at the time of the March 2017 rating decision that denied the Veteran’s October 2016 TDIU claim, and thus, can serve as the basis for considering entitlement to TDIU as far back as July 27, 2015. A request for a TDIU is not a separate claim for benefits, but rather an attempt to obtain an appropriate rating for a disability or disabilities, either as part of the initial adjudication of a claim or, as part of a claim for increased compensation if entitlement to the disability upon which TDIU is based has already been found to be service connected. Rice v. Shinseki, 22 Vet. App. 447 (2009). The Board finds that the issue seeking an earlier effective date for a TDIU is properly before the Board as part and parcel of the Veteran's contemporaneous claims seeking an increased evaluation for his service-connected disabilities. 

Prior to January 28, 2013, the Veteran did not meet the threshold schedular percentage requirements for the award of a TDIU under the provisions of 38 C.F.R. § 4.16(a) as none of his service-connected disabilities were rated as 40 percent disabling or greater. Where the combined rating percentage requirements are not met, entitlement to the benefits may still be considered on an extraschedular basis when the Veteran is unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities. 38 C.F.R. § 4.16(b). However, the Veteran was still working full-time and did not assert that he was precluded from maintaining a substantially gainful occupation so referral for extraschedular consideration was not warranted. 

As of January 28, 2013, the Veteran’s service-connected lumbar spine disability was rated at 60 percent and his combined disability rating was 90 percent, thereby meeting the threshold criteria for a schedular TDIU. However, he was still working full-time and did not assert that he was precluded from maintaining a substantially gainful occupation. The record shows that the Veteran worked full time in substantially gainful employment through January 9, 2016. Therefore, the claim for an earlier effective date for a TDIU is denied prior to January 10, 2016, without further analysis. 38 C.F.R. §§ 3.340, 3.341. 

Entitlement to an earlier effective date for a TDIU will therefore be considered from January 10, 2016. As of January 10, 2016, the Veteran’s compensable-rated disabilities were: lumbar strain, 60 percent as of January 28, 2013; hypothyroidism, 10 percent as of September 1, 2005; major depressive disorder, recurrent, moderate, 30 percent as of December 12, 2006; degenerative joint disease, right shoulder with recurrent dislocations and subluxation (dominant), 20 percent as of October 1, 2003; radiculopathy right lower extremity, 10 percent as of January 28, 2013; radiculopathy left lower extremity, 10 percent as of January 28, 2013; right ankle fracture, 10 percent as of October 5, 2015; tinnitus, 10 percent as of February 20, 2014; anosmia, 10 percent as of September 1, 2005; gastroesophageal reflux disease (GERD) with hiatal hernia, 10 percent as of September 1, 2005; and Traumatic Head Injury (TBI), 10 percent as of July 27, 2015. As stated, the Veteran’s combined disability rating was 90 percent during this time period, meeting the first criteria for a schedular TDIU under 38 C.F.R. § 4.16(a). Therefore, appeal for an earlier effective date turns on whether the Veteran was capable of substantially gainful employment from January 10, 2016, to September 14, 2016. 

A January 23, 2014, rating decision increased the Veteran’s rating for lumbar strain, then 10 percent disabling, to 60 percent disabling effective January 28, 2013. The 60 percent evaluation was based on a December 2013 VA examination indicating incapacitating episodes of intervertebral disc syndrome having a total duration of at least 6 weeks during the prior 12 months. The Veteran reported that the pain was worsening. He had trouble bending over to brush his teeth in the morning. After walking 5-10 minutes, he had to sit down. Bending or twisting caused flare-ups; these occurred daily. He was unable to do anything but sit up or lay down during flare-ups. 

The Veteran was afforded several VA examinations in November 2015. An examination for residuals of TBI indicated that the Veteran reported short term memory loss and difficulty with concentration, and occasional disorientation as to dates. The examiner noted irritability, moodiness sand depression interfere with work place interaction. A mental disorders examination indicated that the Veteran reported an increase in depressive symptoms and irritability due to loss of hearing and back issues. He reported that “My lower back is getting worse... I might lose my job because I can’t carry the gun belt...Police work is the only thing I have known for 30-something years.” An examination for ankle conditions revealed that the Veteran’s right ankle pain had worsened and interfered with his job as a police officer. In addition, he stated that he fell two months prior when he was “going down a flight of stairs and his ankle gave out.” The Veteran states the ankle is painful, stiff, and he is unable to put weight on it. He stated that flareups of ankle pain prevent him from running or fast walking. He stated that he was concerned that he was a burden to his partners and would have to stop working due to his inability to perform his duties. The examiner opined that the Veteran’s ankle pain interferes with prolonged walking, standing and sitting and that the Veteran would be able to perform sedentary work with frequent rest breaks. 

In his October 2016 application for a total disability rating, the Veteran stated, “I was a police officer and was unable to wear the required equipment for the job due to my service-connected back injury.” He also stated that he had become “a liability to the Department” because of his hearing loss and he was not able to communicate effectively. He also noted the impact of the combination of these issues with the shoulder injury and ankle pain.

In July 2019, pursuant to Vocational Assessment, an independent examiner found that medical records indicated that the limitations of the Veteran’s service-connected lumbar strain, major depressive disorder, right shoulder disorder, bilateral lower extremity radiculopathy, anosmia, GERD, hypothyroidism, tinnitus, TBI, and right ankle fracture at least as likely as not caused the Veteran to be unable to secure and follow substantially gainful employment, to include sedentary skilled or unskilled work since at least September 2015. He stated that the Veteran “is unable to meet the physical requirements of the sedentary exertional level at substantially gainful activity levels due to his service-connected conditions since at least September 2015.” 

Based on a review of VA examination reports, VA treatment records, private treatment records, a Vocational Assessment, and statements from the Veteran, the Board finds that there is sufficient probative evidence showing the Veteran was unable to secure and follow a substantially gainful occupation solely by reason of the combined effect of his service-connected disabilities since January 10, 2016. Entitlement to an earlier effective date of January 10, 2016, but not earlier, is therefore warranted.

 

 

Michael J. Skaltsounis

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Debra B. McLoughlin, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.