NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FRANCIS J. SAMPSON, JR.,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-2113

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-1638, Judge Michael P. Allen.

---

Decided: July 14, 2021

---

FRANCIS J. SAMPSON, JR., Duxbury, MA, pro se.

EVAN WISSER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JEFFREY B. CLARK, ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM; BRIAN D. GRIFFIN, JULIE HONAN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before NEWMAN, PROST, and CHEN, *Circuit Judges.*

PER CURIAM.

Francis J. Sampson, Jr. served honorably in the United States Army from August 1967 to June 1969. On August 31, 2000, Mr. Sampson filed a claim for benefits for service-related post-traumatic stress disorder (PTSD). Mr. Sampson's claim made no mention of sleep apnea, though it contained evidence that he had difficulty sleeping. The Department of Veterans Affairs (VA) subsequently granted benefits for PTSD with an effective date of August 31, 2000. Fourteen years later, after repeatedly challenging the rating of his PTSD claim, Mr. Sampson sought benefits for sleep apnea as connected to his service-related PTSD. The VA then granted Mr. Sampson sleep apnea-related benefits with an effective date of March 31, 2013.

Mr. Sampson now contends that he is entitled to an August 31, 2000 effective date for his sleep apnea benefits, arguing that his original claim was sufficient to constitute an informal claim for benefits related to sleep apnea. The Court of Appeals for Veterans Claims (Veterans Court) upheld the Board of Veterans' Appeals' denial of the earlier effective date based on its finding that Mr. Sampson's original claim did not show an intent to claim benefits for sleep apnea. *See Sampson v. Wilkie*, No. 19-1638, 2020 WL 2296966, at \*2 (Vet. App. May 8, 2020); *see also Sellers v. Wilkie*, 965 F.3d 1328, 1332 (Fed. Cir. 2020) ("The essential requirements of any claim, whether formal or informal are: (1) an intent to apply for benefits, (2) an indication of the benefits sought, and (3) a communication in writing.") (quoting *Browoski v. Shinseki*, 23 Vet. App. 79, 84 (2009)). The Veterans Court noted that Mr. Sampson's initial claim specifically requested that the VA "consider this an application for service connected disability for PTSD." *Sampson*, 2020 WL 2296966, at \*2. And while the record contained evidence that Mr. Sampson had difficulty

sleeping, the Veterans Court found no documents contemporaneous with medical records that could be read as indicating an intent by Mr. Sampson to seek benefits for his sleep apnea. *See id.* Additionally, Mr. Sampson's multiple claims to increase his PTSD-disability rating between 2000 and 2014 never mentioned sleep apnea. *See id.*

Our ability to review decisions from the Veterans Court is limited by 38 U.S.C. § 7292. We have jurisdiction to "review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." § 7292(c). But we lack jurisdiction to "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case," unless those challenges present constitutional issues. § 7292(d)(2).

Mr. Sampson does not challenge the validity of any statute or regulation or any interpretation thereof. Nor does Mr. Sampson contend his challenge presents a constitutional issue. Rather, Mr. Sampson broadly challenges the Veterans Court's determination that his original application failed to constitute an informal claim for sleep apnea benefits related to his service-related PTSD. To the extent Mr. Sampson's appeal rests on a challenge to a law or regulation as applied to the facts of his case, we lack jurisdiction to consider it. *See Ellington v. Peake,* 541 F.3d 1364, 1372 (Fed. Cir. 2008). To the extent his appeal contends that the Veterans Court did not apply the correct legal requirements for determining whether Mr. Sampson had filed an informal claim in 2000 for sleep apnea, we detect no legal error.

**AFFIRMED**

COSTS

No costs.