NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**TIMOTHY A. GARLAND,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2021-1727

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-4525, Judge Joseph L. Toth.

_____

Decided: December 9, 2021

_____

TIMOTHY A. GARLAND, McDonough, GA, pro se.

DANIEL HOFFMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., LOREN MISHA PREHEIM; AMANDA BLACKMON, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before LOURIE, CLEVENGER, and PROST, *Circuit Judges.*

PER CURIAM.

Timothy A. Garland appeals the decision of the U.S. Court of Appeals for Veterans Claims ("Veterans Court") affirming the Board of Veterans' Appeals' ("Board") denial of his claim for a disability rating greater than 20% for service-connected low-back disability. *See Garland v. Wilkie*, No. 19-4525, 2020 WL 6324737 (Vet. App. Oct. 29, 2020). For the reasons below, we dismiss for lack of jurisdiction.

## BACKGROUND

Mr. Garland is a veteran who served in the U.S. Army from 1980 until 1983, when he was medically discharged for persistent low-back pain. At that time, the Department of Veterans Affairs ("VA") granted service connection for low-back disability (specifically, degenerative arthritis of the spine) and assigned a 10% rating. S.A. 1.[1]

In July 2010, Mr. Garland filed a claim for entitlement to an increased rating for his low-back disability. In June 2011, following a VA examination, the relevant VA regional office ("RO") denied Mr. Garland's claim and maintained the 10% rating. S.A. 2, 6, 8. Mr. Garland appealed the RO's decision to the Board and, in September 2016, testified before the Board, contending (through counsel) that he was entitled to a higher rating for his low-back disability because he has rhabdomyolysis, a condition affecting muscle tissue and often causing kidney damage. *See* S.A. 2, 22–23. In November 2017, the Board acknowledged Mr. Garland's "assert[ion] that he should be service connected for rhabdomyolysis" but referred that issue "to the RO for any appropriate development." S.A. 15. In that

---

[1]    "S.A." refers to the supplemental appendix filed with the government's brief.

same November 2017 decision, the Board *separately* remanded Mr. Garland's claim for entitlement to a rating greater than 10% for his low-back disability to the RO for additional development and action. S.A. 15–17.

In March 2019, after further evidentiary development and adjudication by the RO, and "[b]ased on the evidence of record," the Board granted Mr. Garland "a 20 percent rating, but no higher, for the entire appeal period" for his low-back disability, i.e., his "service-connected degenerative joint disease of the lumbar spine." S.A. 5–6, 8; *see* S.A. 6–11. Mr. Garland then appealed to the Veterans Court on the basis that the Board (in its March 2019 decision) improperly failed to address his contentions regarding rhabdomyolysis. *See* S.A. 1. The Veterans Court affirmed the Board's decision, concluding that Mr. Garland failed to "demonstrate[] that these [rhabdomyolysis] issues were before the Board" and that therefore the Board wasn't required to discuss them. *Garland*, 2020 WL 6324737, at \*1. The court explained that the Board "is unable to act on a 'matter' absent an appealable, binding RO decision that is adverse to the claimant," *id.* at \*2 (cleaned up), and determined that here there was no such RO decision as to rhabdomyolysis because Mr. Garland's "new and separate claim for service connection for rhabdomyolysis . . . had yet to be decided by firstline adjudicators," *see id.* Mr. Garland now appeals the Veterans Court's decision.

## DISCUSSION

We have limited jurisdiction to review decisions of the Veterans Court. Under 38 U.S.C. § 7292(d)(2), except to the extent that an appeal presents a constitutional issue, we may not "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." We have jurisdiction, however, to "decide all relevant questions of law." *Id.* § 7292(d)(1). We conclude that we lack jurisdiction to review any of the issues Mr. Garland raises.

First, Mr. Garland argues that the Board "fail[ed] to address whether a higher rating was warranted for a lower back disability based on extra-schedular consideration of [his] rhabdomyolysis symptomatology." Appellant's Br. 2. But the Veterans Court determined that the issue of rhabdomyolysis was not properly before the Board because Mr. Garland's request for service connection for rhabdomyolysis was a *new* claim that needed to be addressed by the RO in the first instance. *Garland*, 2020 WL 6324737, at *2. In other words, the Veterans Court found that "the issue of service connection for rhabdomyolysis" "was distinct from the low back claim." *Id.* This "interpretation of the contents of a claim for benefits" is a factual issue over which we lack jurisdiction.[2] *Ellington v. Peake*, 541 F.3d 1364, 1371–72 (Fed. Cir. 2008).

Second, Mr. Garland appears to challenge the Veterans Court's determination that the Board's failure to consider his kidney condition was harmless. *See* Appellant's Br. 2–3. On this point, the Veterans Court simply explained that Mr. Garland had "attributed his kidney condition to rhabdomyolysis" and that because "service connection for rhabdomyolysis has yet to be established, any error in the Board's failure to consider [the kidney condition] is harmless." *Garland*, 2020 WL 6324737, at *2. In making this determination, the Veterans Court merely considered the facts and applied the relevant law to those facts. Accordingly, our jurisdictional statute precludes appellate review of this issue. 38 U.S.C. § 7292(d)(2); *see*

---

[2]    The Veterans Court further found that Mr. Garland took "no action" "to fill out the formal application for service connection to formally initiate the rhabdomyolysis claim referred by the Board." *Garland*, 2020 WL 6324737, at *2. According to the government, Mr. Garland remains eligible to file a formal application with the RO for compensation for rhabdomyolysis. *See* Appellee's Br. 9.

*Newhouse v. Nicholson*, 497 F.3d 1298, 1302 (Fed. Cir. 2007) (explaining that § 7292(d)(2) "prevents us from reviewing [claimant's] contentions regarding actual prejudice").

## CONCLUSION

We have considered Mr. Garland's remaining arguments but find them unpersuasive. For the foregoing reasons, we dismiss this appeal for lack of jurisdiction.

**DISMISSED**

## COSTS

No costs.