NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MAI DE HART,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-2238

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-6249, Judge Coral Wong Pietsch, Judge Grant Jaquith, Judge Joseph L. Toth.

---

Decided:  June 26, 2026

---

ZACHARY STOLZ, Chisholm Chisholm & Kilpatrick, Providence, RI, argued for claimant-appellant.  Also represented by BRITTANI HOWELL, AMY F. ODOM.

MATTHEW JUDE CARHART, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee.  Also represented by WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY, BRETT SHUMATE; BRIAN D. GRIFFIN, JONATHAN

KRISCH, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before PROST, BRYSON, and REYNA, *Circuit Judges.*

BRYSON, *Circuit Judge.*

This case involves a veteran's appeal relating to the effective date of her entitlement to service-related disability benefits. Specifically, the challenge at issue involves the requirements to place a disability determination by a regional office of the Department of Veterans Affairs ("DVA") into appellate status.

I

Mai De Hart is a veteran who served in the U.S. Air Force from 1980 to 2008. Appellee Br. 2; J.A. 3. Shortly before her retirement, Ms. De Hart applied for DVA disability benefits for multiple conditions including spondylosis, a degenerative spine condition. *Id.* She underwent a DVA examination. Among other observations, the examiner's report included a reference to her spinal condition, which stated: "Spondylolisthesis with low back and radiating pain to the right leg. Evidence of a S1 radiculopathy."[1] J.A. 3–4, 49. A DVA regional office issued Ms. De Hart a rating decision granting service connection for her spine condition under diagnostic code 5239 (spondylolisthesis or segmental instability) with an effective date of February 1, 2008, and a 0% rating. J.A. 4, 51, 55–56. The

_____

[1]    Spondylolisthesis is a condition in which the vertebrae are misaligned. J.A. 18. Radiculopathy refers to "a range of symptoms produced by the pinching of a nerve root in the spinal column." *Id.* Radiculopathy can be caused by a number of conditions, including spondylolisthesis; it is commonly caused by disk herniation, disk compression, tumors, or bony spurs in the spine. *Id.*

rating decision reported that Ms. De Hart had undergone spinal fusion, and that the medical examiner had diagnosed lumbar spondylolisthesis, but that the "VA exam showed normal musculature.  There was no spasm, abnormal movement, tenderness or guarding.  There was no pain on motion, pain on repeated motion or pain against mild resistance.  The examiner stated it would be speculative to comment further on range of motion, fatigability, incoordination, or flare-ups."  J.A. 55–56.  Because the VA examination "showed no spasm or tenderness, a noncompensable evaluation is assigned."  J.A. 56.

In February 2009, Ms. De Hart submitted a notice of disagreement contesting some, but not all, of the determinations made by the regional office in its 2008 rating decision.    J.A. 4.    As it related to the regional office's spondylolisthesis determination, Ms. De Hart's notice of disagreement simply stated:  "Lumbar spondylolisthesis Grade II[.]  I am having severe problems with this condition and it should be evaluated higher."  J.A. 62.  Her notice of disagreement made no mention of radiculopathy.

In March 2011, the regional office issued a statement of the case, in which it maintained the prior determination and 0% rating.  Ms. De Hart appealed that decision to the Board of Veterans' Appeals ("the Board").  J.A. 4.  The Board ultimately remanded the case to the regional office for further adjudication of several issues, including her spondylolisthesis claim. [2]  J.A. 103.

After her case was returned to the regional office, Ms. De Hart underwent another medical examination in March 2019.  During that examination, the examiner noted that Ms. De Hart had "moderate right and left lower extremity

_____

[2]     As part of those proceedings, the Board increased Ms. De Hart's rating for spondylolisthesis to 10% from April 26, 2016 onward.  J.A. 84.

radiculopathy," and that her condition was "a progression of [her] service connected back condition." J.A. 4 (quoting J.A. 119). In September 2019, the regional office issued a new rating decision that, among other things, increased Ms. De Hart's spondylolisthesis rating to 20%, found that Ms. De Hart's radiculopathy was "related to" her "service-connected disability of lumbar spondylolisthesis," and granted a 20% rating for radiculopathy for each leg. Those determinations were assigned an effective date of March 2019 (the date of Ms. De Hart's most recent medical examination). J.A. 4 (quoting J.A. 120–23). Ms. De Hart did not file a notice of disagreement with regard to that decision, but under procedures then in effect the regional office's determination relating to spondylolisthesis was returned to the Board for review. *See* J.A. 5 n.2.

In June 2021 the Board issued a decision upholding Ms. De Hart's spondylolisthesis ratings of 0% from 2008 through 2016, 10% from 2016 to 2019, and 20% from 2019 onward. J.A. 5. While the Board noted that the regional office had assigned separate ratings for right and left lower extremity radiculopathies in its September 2019 rating decision, the Board did not otherwise discuss Ms. De Hart's radiculopathies. *Id.*

Ms. De Hart appealed the Board's decision to the Court of Appeals for Veterans Claims ("the Veterans Court"). In that appeal, Ms. De Hart argued that her right leg radiculopathy should have been considered part of her 2009 appeal, that the Board should have granted her an effective date of 2008 for her right leg radiculopathy condition, and that it was not necessary for her to file a notice of disagreement with regard to her right leg radiculopathy either in 2009 or 2019. Over a dissent from Judge Jaquith, the Veterans Court rejected those arguments and held that the Board did not err by failing to address the radiculopathy issue in its 2021 decision. J.A. 2–27.

## II

Our jurisdiction to review decisions of the Veterans Court is limited. We review a decision of the Veterans Court "with respect to the validity of a decision . . . on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a). Our review of those questions is de novo. *See, e.g.*, *Cushman v. Shinseki*, 576 F.3d 1290, 1296 (Fed. Cir. 2009).

However, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). We therefore have jurisdiction to hear an appeal from the Veterans Court "only to the extent that it raises issues of law. To the extent that [the] appeal raises issues of fact or issues of law applied to fact, we do not have jurisdiction to consider [the] claims." *Ellington v. Peake*, 541 F.3d 1364, 1368 (Fed. Cir. 2008).

## III

### A

Ms. De Hart argues that because her 2008 medical examination reported evidence of radiculopathy in her right leg, the regional office's action in assigning her a noncompensable rating for spondylolisthesis "implicitly found that Ms. De Hart was unentitled to compensation for radiculopathy." Appellant Br. 18.[3] For that reason, she contends,

---

[3] Ms. De Hart's argument that the regional office impliedly adjudicated the radiculopathy issue in 2009 is based on 38 C.F.R § 3.155(d)(2), which requires the DVA to address "all outstanding issues enumerated in the com-

her 2009 notice of disagreement regarding spondylolisthe-sis should be deemed to encompass a claim to right leg radiculopathy—which she characterizes as a symptom of spondylolisthesis—even though her notice of disagreement made no reference to that claim.[4] Because she regards the 2009 notice of disagreement as having raised the right leg radiculopathy issue, she contends that it was unnecessary for her to file another notice of disagreement in 2019 when the regional office granted service connection for radicu-lopathy in both legs, but assigned an effective date of March 2019 for those conditions.

The Veterans Court properly rejected that argument. Even if Ms. De Hart had explicitly raised a claim to right leg radiculopathy in 2008 and the regional office had ex-pressly decided that claim, Ms. De Hart would have had the obligation to raise that issue in her notice of disagree-ment if she wished to challenge the regional office's deci-sion. A notice of disagreement must "identify the specific determination with which the claimant disagrees" to effec-tively initiate appellate review. *Ledford v. West*, 136 F.3d 776, 779–80 Fed. Cir. 1998)). Ms. De Hart's notice of disa-greement as to the rating level for her spondylolisthesis claim in 2009 did not serve to place the later-arising issue

---

plete claim," including "any other issues that are reasona-bly within the scope of the issues enumerated in the com-plete claim." Appellant Br. 18.

[4]    While the regional office granted Ms. De Hart ser-vice connection for radiculopathy in both of her legs in 2019, with the same effective date for both, she challenges that determination only with respect to her right leg radiculopathy. Her 2008 medical examination reported ev-idence of radiculopathy only in her right leg, J.A. 49; it ap-pears that radiculopathy in her left leg was identified for the first time in her 2019 medical examination, J.A. 122.

of the effective date of her radiculopathy claim into appellate status at that time or excuse her failure to file a notice of disagreement concerning the later-decided downstream elements of her claim. *See Grantham v. Brown*, 114 F.3d 1156, 1158–59 (Fed. Cir. 1997)).

Ms. De Hart argues that radiculopathy is a symptom of spondylolisthesis, not a separate condition or disability. For that reason, she argues that her 2009 notice of disagreement addressing spondylolisthesis was sufficient to set forth a claim to right leg radiculopathy. In support of that argument, Ms. De Hart relies principally on two DVA regulations, 38 C.F.R. § 4.71a and 38 C.F.R. § 4.25. But those regulations do not advance her cause. The first regulation specifies that for "diseases and injuries of the spine," any "associated objective neurologic abnormalities" should be evaluated "separately under an appropriate diagnostic code." Note (1) to 38 C.F.R. § 4.71a of the General Rating Formula. Likewise, 38 C.F.R. § 4.25(b) requires that "disabilities arising from a single disease entity . . . are to be rated separately as are all other disabling conditions." Those regulations indicate that if radiculopathy is considered to be a separate disability from spondylolisthesis, rather than simply a symptom of that spondylolisthesis, it must be rated separately from that condition.

During oral argument, counsel for Ms. De Hart conceded that if the Veterans Court was correct in characterizing Ms. De Hart's radiculopathy as a separate condition, and not a symptom of spondylolisthesis, her 2009 notice of disagreement would not have been sufficient to place her radiculopathy into appealable status. Oral Argument at 11:53–12:24, https://www.cafc.uscourts.gov/oral-arguments/24-2238_04062026.mp3.

Contrary to Ms. De Hart's contention, the DVA regulations cited above do not establish that radiculopathy must be treated as a symptom of spondylolisthesis, rather than as a separate condition. Instead, the regulations establish

that neurological abnormalities associated with diseases or injuries of the spine should be treated as separately rated conditions.

Applying those regulations to the facts of this case, the Veterans Court held that radiculopathy is a separate condition, not a symptom, of spondylolisthesis. *See* J.A. 3, 12–14. That determination effectively disposed of Ms. De Hart's request for an earlier effective date for her right leg radiculopathy claim. As the Veterans Court explained:

> VA's duty with respect to spine-related neurological problems was satisfied when, as part of its development on remand from the Board of the underlying spine claim, it identified the radiculopathy, determined its etiology to the spine condition, adjudicated and granted entitlement to service connection, and assigned compensation ratings based on distinct criteria, as well as effective dates. At that point, each spine-related radiculopathy rating assumed its own adjudicative identity. If dissatisfied with the ratings or effective dates assigned, the veteran was free to challenge them through an appeal to the Board . . . . In the absence of such an appeal here, the Board ensured that the Agency's duties to Ms. De Hart had been satisfied by noting that the 2019 [regional office] decision awarded radiculopathy compensation and that "the evidence of record [did] not indicate the presence of any additional objective neurological abnormalities for which a separate rating is warranted."

J.A. 14.

Ms. De Hart asks us to overturn the Veterans Court's characterization of radiculopathy as a separate condition and not a symptom of spondylolisthesis, but that ruling, at bottom, presents a challenge to a factual determination or, at minimum, a challenge to a law or regulation as applied to the facts of a particular case, both of which are outside

our jurisdiction. *See* 38 U.S.C. § 7292(d)(2). We therefore reject Ms. De Hart's contention that the Veterans Court erred in holding held that her 2009 notice of disagreement placed her right leg radiculopathy claim into appellate status. Her failure to file a notice of disagreement with the regional office's 2019 decision therefore foreclosed her right to challenge the Board's decision as to her right leg radiculopathy claim.

B

Ms. De Hart separately argues that the Veterans Court's decision in this case "overruled" that court's prior decisions in *Chavis v. McDonough*, 34 Vet. App. 1 (2021), and *Bailey v. Wilkie*, 33 Vet. App. 188 (2021), and asks this court to intervene to correct the error. Appellant Br. 24–29. According to Ms. De Hart, *Chavis* held that "the Board had jurisdiction over compensation for the radiculopathy notwithstanding the intervening, unappealed [regional office] decision awarding separate ratings." *Id.* at 25. Ms. De Hart contends that there "is no meaningful difference between the circumstances of [her] case and Mr. Chavis's." *Id.* In *Bailey*, the Veterans Court held that an intervening decision granting additional compensation for a condition that had been appealed did not serve to divest the Board of jurisdiction over the initial appeal. Ms. De Hart argues that the Veterans Court in her case "effectively overruled the *Bailey* panel" by holding that "each spine-related radiculopathy assumed its own adjudicative identity." Appellant Br. 27.

The Veterans Court addressed Ms. De Hart's contention that its decision in this case was contrary to the decisions in *Chavis* and *Bailey*, and concluded that it was not. We do not regard the Veterans Court's decision in this case as inconsistent with that court's decisions in either *Chavis* or *Bailey*.

In *Chavis,* the veteran was diagnosed with a lumbar spine disability as well as radiculopathy in both legs and

was awarded disability benefits for each of those conditions. *Chavis*, 34 Vet. App. at 1. The veteran later sought a rating increase for his spine disability, but he did not explicitly request a higher rating for his radiculopathy. Nonetheless, the Veterans Court held that "the issues of increased evaluations for Mr. Chavis's bilateral lower extremity radiculopathy were part of his claim seeking a higher evaluation for the underlying lumbar spine disability." *Chavis*, 34 Vet. App. at 15.

As the Veterans Court explained in the present case, the *Chavis* court explicitly noted that it was "leav[ing] for another day the question whether issues of higher evaluations for radiculopathy are always part of claims seeking higher evaluations for the underlying spine disability." J.A. 7 (quoting *Chavis*, 34 Vet. App. at 15 n.17). In light of that explicit limitation and the fact that *Chavis* involved a claim for a rating increase, as opposed to an initial determination of eligibility for benefits, the court considered that *Chavis* does not conflict with the decision in this case.

The Veterans Court in *Bailey* held that the DVA, in deciding to reduce a veteran's rating for prostate cancer, failed to factor into its evaluation the record evidence of complications caused by radiation treatment for the veteran's disease. The court held that a claim of secondary service connection for those complications was reasonably raised by the record, 33 Vet. App. at 197–98, and that the Board was required to address the secondary service connection issue, *id.* at 198–203. Ms. De Hart's case does not involve a claim of secondary service connection, but presents only the question whether her 2009 notice of disagreement included a claim to right leg radiculopathy and whether she was required to file a notice of disagreement with regard to the regional office's 2019 decision if she wished to challenge that decision. The Veterans Court's decision in *Bailey* does not speak to those issues, and its analysis is not in conflict with the court's analysis in this case.

IV

In summary, Ms. De Hart's 2009 notice of disagreement made clear that she disagreed with several decisions by the regional office, including the 0% rating for spondylolisthesis. J.A. 62. However, Ms. De Hart did not disagree with any determination, or lack thereof, relating to radiculopathy. Because Ms. De Hart did not at that time indicate disagreement with any specific determination relating to that condition, radiculopathy was not properly placed into appellate status or otherwise addressed by the 2009 notice of disagreement, which was the only notice of disagreement filed by Ms. De Hart. The Veterans Court therefore correctly decided that if Ms. De Hart wished to challenge the regional office's 2019 decision with regard to her right leg radiculopathy claim, she needed to file a timely notice of disagreement with respect to that decision.

**AFFIRMED**

COSTS

No costs.